[L. A. No. 8442. In Bank.—December 28, 1925.]

OTTO H. NEHER, Respondent, v. MILTON KAUFFMAN et al., Appellants.

[1] VENDOR AND VENDEE — DEFAULT BY VENDEE — PERFORMANCE BY VENDOR—FORFEITURE.—The vendor under an executory contract for the sale of real property cannot successfully claim a forfeiture because of default of the vendee unless he (the vendor) has performed or offered to perform those conditions upon his part which are precedent to or concurrent with the performance as to which the vendee is claimed to be in default.

[2] ID.—DELIVERY OF DEED IN ESCROW—PERFORMANCE BY VENDOR.— Where it is apparent from the terms of an executory contract for the sale of real property that the parties intend its performance to be consummated through and by means of an escrow and that the deed of conveyance shall be delivered not to the vendee directly but into escrow with a designated title company to be there held and used for his benefit upon the payment by him into escrow of the money which he is required to pay at a specified time, and a deed of conveyance is prepared by said title company, is executed by the vendor and his wife as grantors, and is acknowledged by them before a notary public and certified by him and delivered in escrow, where it remains until after the expiration of the time within which the vendee might perform, when the papers are withdrawn from the escrow by the vendor, this is sufficient performance by the vendor in so far as the delivery of the deed is concerned.

[3] ID. — EXECUTORY WRITTEN CONTRACT — SUBSEQUENT WRITTEN ESCROW INSTRUCTIONS.—Where, subsequent to the execution of a contract for the sale of certain real property, the vendor and the vendee, each on the same day and as part of the same transaction, sign and deliver to the escrow-holder designated in the contract of purchase their respective escrow instructions for the evident purpose of carrying out their prior agreement, such instructions are to be read and considered together, and when so read and considered, if they contain all the necessary constituent elements to make a contract, they are to be regarded as a contract in writing between the parties; and it is immaterial whether such escrow instructions be regarded as merely supplemental to and by way of performance of the former contract of purchase or whether they be regarded as a subsequent contract in writing between the parties.

1. See 25 Cal. Jur. 612; 27 R. C. L. 454.
2. See 25 Cal. Jur. 662.
3. See 25 Cal. Jur. 467.

[4] ID.—MODIFICATION OF WRITTEN CONTRACT—CONSIDERATION.—A contract in writing may be modified by a later contract in writing and the covenants and agreements of one party thereto furnish a sufficient consideration to support the promises and agreements of the other party thereto.

[5] ID.—TIME OF PERFORMANCE—CLERICAL MISPRISION IN ESCROW INSTRUCTIONS.—In this action to quiet title to certain real property as against a cloud created by the recordation of a copy of an executory contract for the sale thereof, the trial court was justified in inferring that the insertion in the vendee's escrow instructions of the date "2/4/24" as the time within which the vendor might perform was due to a clerical misprision and that the date intended was "2/15/24," where the contract specified the latter date as the time within which the parties were to perform and the escrow instructions of the vendor also specified said latter date as the time within which the vendee might perform.

[6] ID.—BREACH BY VENDEE—EQUITABLE RELIEF—CREDIBILITY OF WITNESSES—EVIDENCE—FINDINGS—JUDGMENT—APPEAL.—In an action to quiet title to certain real property as against a cloud created by the recordation of a copy of an executory contract for the sale thereof, the trial court is the exclusive judge of the credibility of the witnesses, and where the defendants plead certain facts which they claim entitle them to equitable relief from the forfeiture claimed by plaintiff (the vendor), but the trial court denies such relief and gives plaintiff judgment as prayed, it is the duty of the reviewing court upon appeal to construe the evidence so as to support such judgment, to accept as true that evidence which tends to sustain the findings and the judgment (unless it is inherently incredible), and to reject as untrue the evidence which conflicts therewith.

[7] ID.—STATEMENTS OF VENDOR—RELIANCE UPON BY VENDEE—EVIDENCE—EQUITABLE RELIEF.—In this action to quiet title to certain real property as against a cloud created by the, recordation of a copy of an executory contract for the sale thereof, which contract made time of the essence and provided for a forfeiture if the vendee failed to perform by a specified date, the evidence having shown that plaintiff (the vendor) did not say or do anything to cause the defendants (the vendee and assignees) to believe that they would be required to pay more than a stated sum (less than the amount stated in the contract) on said specified date, or to lull them into any false sense of security, that the defendants did not

4. Consideration for modification of contract, notes, L. R. A. 1915B, 3; 34 A. L. R. 511. See, also, 6 Cal. Jur. 372, 378; 6 R. C. L. 916.

6. See 2 Cal. Jur. 881.

7. See 25 Cal. Jur. 622.

rely upon anything so claimed to have been said or done by plaintiff, and were not misled thereby, and that even if plaintiff had agreed to accept such lesser sum on said specified date, the defendants would not have been able to pay said sum on that date, or any substantial portion thereof, the trial court did not err in denying defendants the equitable relief prayed for by them.

[8] ID.—PRIOR CONVERSATIONS—IRRELEVANT EVIDENCE.—In such action, the trial court did not err in excluding evidence of conversations between the parties prior to the execution of the written contract of purchase, where it was not claimed that such conversations would aid in solving any ambiguity or uncertainty in the written contract and it was not shown that they would have been material to any issue before the court.

[9] ID.—RELIANCE UPON PROMISE OF VENDOR—TESTIMONY OF VENDEE. In an action to quiet title to certain real property as against a cloud created by the recordation of a copy of an executory contract for the sale thereof, where the defendants (the vendee and assignees) plead facts which they claim entitle them to equitable relief from the forfeiture asserted by plaintiff, the vendee's testimony as to his own belief and his own reliance upon a certain promise which he claims was orally made by plaintiff is competent evidence.

[10] ID.—EQUITABLE RELIEF—INSUFFICIENT PLEADING.—In such action, where the defendants by amendment to their answer, filed by leave of court on the opening day of the trial, seek equitable relief from the plaintiff's asserted forfeiture under the executory contract of sale, but substantially all the allegations of such pleading are no more than mere conclusions, and they allege no facts from which it would appear that plaintiff said anything or did anything which would have a tendency to mislead defendants to their injury, or upon which they would have been justified in relying, such pleading fails to state facts sufficient to constitute a defense or to entitle defendants to equitable relief.

[11] ID.—AMENDMENTS DURING TRIAL—DISCRETION OF TRIAL COURT—APPEAL.—The allowance or disallowance of amendments to pleadings during the course of a trial is a matter resting largely in the discretion of the trial court; and, upon appeal, no error can be predicated upon a ruling of the trial court denying defendants leave, asked during the course of trial, to file an amendment to their answer where the defendants never prepared or tendered for filing any proposed amendment.

---

(1) 39 Cyc., p. 1375, n. 10.   (2) 39 Cyc., p. 1541, n. 89.   (3) 21 C. J., p. 870, n. 66.   (4) 13 C. J., p. 589, n. 85, p. 593, n. 36. (5) 21 C. J., p. 870, n. 65.   (6) 4 C. J., p. 777, n. 61.   (7) 39 Cyc., p. 1393, n. 63.   (8) 22 C. J., p. 1102, n. 97.   (9) 22 C. J., p. 611, n. 70.   (10) 32 Cyc., p. 1364, n. 64.   (11) 31 Cyc., p. 399, n. 83.

11.   See 21 Cal. Jur. 181; 21 R. C. L. 572.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Woodruff & Shoemaker for Appellants.

Tanner, Odell & Taft for Respondent.

MYERS, C. J.—The defendants appeal from a judgment in favor of the plaintiff, quieting his title to the premises described in the complaint as against a cloud created by the recordation of a copy of a contract for the sale of the premises executed by the plaintiff to the defendant Kauffman, attached to which was an assignment thereof from Kauffman to defendant Newton and an assignment from Newton to defendant Caldwell. The complaint is in the customary short form of a complaint to quiet title. It alleges ownership and possession of the described premises in the plaintiff; that the defendants claim some interest or estate therein, and that such claim is without right. The answer admits the ownership and possession of the plaintiff in and to the premises and admits the defendants' claim and interest therein; denies that such claim is without right; alleges that it arises under and by virtue of the contract of sale above referred to, and alleges further: "That heretofore these answering defendants have offered to purchase said premises in accordance with the terms of said contract and have offered to pay to said plaintiff all sums of money due to him in accordance with the terms of said contract upon a transfer of said premises and the furnishing of a guarantee certificate of title, as provided for in said contract, but that said plaintiff has failed and refused to accept said offer, and has failed and refused to transfer and convey said premises or furnish a guarantee certificate of title, as provided for by said contract; that these defendants are able, ready and willing to carry out and perform each and all of the terms, covenants, conditions and agreements of said contract to be kept and performed by the purchaser, but said plaintiff wrongfully and unlawfully refuses to comply with any of the terms thereof." On the opening day of the trial the defendants were permitted, over the objection of the plain-

tiff, to file an amendment to their answer, wherein they alleged: "That subsequent to the making of said agreement dated December 11, 1923, and prior to the 15th day of February, 1924, the plaintiff so dealt and negotiated with said defendant Milton Kauffman as to cause him to believe that said defendant would not be required to pay more than the sum of fifty thousand dollars ($50,000) on the 15th day of February, 1924, and so as to lull said defendant into a false sense of security and to depend upon the plans which said defendant was making to pay said sum of fifty thousand dollars ($50,000) only by the 15th day of February, 1924, with the knowledge and approval of said plaintiff; . . . that plaintiff never gave any notice to said defendant on or prior to February 15, 1924, that plaintiff intended to stand strictly upon the terms of said contract or attempt to enforce the forfeiture clause therein contained, or declare forfeited the sum of ten thousand dollars ($10,000) paid by said defendant under said agreement, for failure merely on the part of said defendant to pay the sum of one hundred thousand dollars ($100,000) on the fifteenth day of February, 1924, and that on the other hand said defendant was led to believe by the acts and conduct of the plaintiff as aforesaid that said defendant would be allowed to pay the sum of fifty thousand dollars ($50,000) by February 15th, 1924, and keep said agreement in force and effect; that by reason of the facts and circumstances hereinbefore mentioned and alleged, it is inequitable for the plaintiff to enforce a forfeiture under said agreement, and said plaintiff is estopped to claim or assert a forfeiture under said agreement, or to terminate the rights or interests of the defendants, or any of them, under said agreement."

The court found that the contract of December 11th was entered into as alleged in the answer; that it was modified in certain respects by escrow instructions executed by the parties January 4, 1924, and by a supplemental agreement of January 12, 1924; that the plaintiff duly performed on his part all the conditions of said agreement as so modified, but that the defendants had wholly failed to pay the sums required to be paid by them, or any part thereof, other than the sum of $10,000 which was paid at the time of the execution of the contract of December 11th, as a result of which they had forfeited all interest in or to the premises in ques-

tion and that they are not entitled to any relief from such forfeiture. The contract of December 11th was in the following terms:

"Know all men by these presents: That Otto H. Neher for valuable consideration this 11th day of December, 1923. agrees to sell to Milton Kauffman, and the said Milton Kauffman agrees to buy from Otto H. Neher, the following described real property: [Description.]

"Total purchase price $460,000.00, payable as follows:

"$10,000.00 cash, the receipt of which is hereby acknowledged.

"$50,000.00 on or before January 15, 1924, payable to Otto H. Neher outside of escrow.

"$50,000.00 on or before February 15, 1924, without interest payable to Title Insurance & Trust Company.

"$350,000.00 mortgage as set forth in escrow instructions with Title Insurance & Trust Company, Number 713329, buyer agrees to assume interest to accrue on said mortgage from Dec. 15, 1923.

"Rents, taxes and insurance to be prorated to Dec. 15, 1923.

"Buyer to pay for escrow fee, and internal revenue stamps on mortgage note, above those provided in escrow No. 713329 T. I. & Tr. Co.

"Seller to furnish guarantee of title from Title Insurance & Trust Company, showing title free from encumbrances, except second half of taxes, 1923–24. Tax year to begin July 1, 1923, subject also to restrictions and conditions as may be of record.

"Seller to assign lease (now of record) on property to the buyer.

"Time is of the essence of this contract, and should the buyer fail to comply with the terms hereof, then the seller shall be released from all obligations in law and equity, to convey said property, and the buyer shall forfeit all right thereto and to all moneys theretofore paid under this contract.

"OTTO H. NEHER.<br>
"MILTON KAUFFMAN."

On January 4, 1924, the plaintiff and the defendant Kauffman signed and delivered escrow instructions to the Title

Insurance & Trust Company for the evident purpose of carrying out the contract of December 11, 1923. These instructions consist of two separate instruments, one signed by the plaintiff and the other signed by the defendant Kauffman, but they both bear the same date, the same title and escrow number. They match one another as to their terms and conditions (with one exception to be hereafter noted), and their contractual terms and conditions are in precise accord with those specified in the contract of December 11th, with the following exception, namely: The contract of December 11th does not specify to whom the deed of conveyance is to be made nor in whom the guarantee of title to be furnished by seller shall show the title to be vested, whereas the escrow instructions provide that the deed of conveyance shall be made to the Title Insurance & Trust Company, and that the guarantee of title shall show the title to be vested in such grantee. January 12, 1924, the parties entered into a supplemental agreement in writing whereby the plaintiff extended the time for the payment of the first $50,000 provided for in the contract and in the escrow instructions from January 15th to February 15th, and in consideration thereof the defendant Kauffman agreed to employ the plaintiff to prepare the plans and supervise the construction of a building to be erected upon the premises involved in the transaction. Other than the $10,000 which was paid upon the signing of the contract of December 11th nothing was ever paid by the defendants either to the plaintiff or into the escrow. The contract of December 11th was not acknowledged or certified so as to entitle it to be recorded, but on February 15, 1924, defendant Kauffman executed an assignment to defendant Newton of all his right, title, and interest in, to, and under the contract of December 11, 1923, and in, to, and under the escrow of January 4, 1924. To this assignment was attached a copy of the contract of December 11th, and the assignment with the copy attached, having been acknowledged and certified by a notary public, was then filed for record. Upon the following day a similar assignment from Newton to Caldwell was executed, acknowledged and recorded. Thereupon and on February 16, 1924, plaintiff asserted a forfeiture by defendants of their rights under the contract, and thereafter brought this action to clear his title of the cloud created by the recordation.

Appellants contend (1) that the vendor failed to perform or tender performance of conditions precedent to or concurrent with performance by the purchaser, and the attempted forfeiture was unauthorized and unavailing; (2) that the findings relative to the terms and conditions of the contract and the performance thereof by plaintiff are not supported by the evidence; (3) that under the showing made in this case it is extremely harsh and inequitable to enforce a forfeiture, and that the vendee and his assigns should be granted relief therefrom under Civil Code section 3275; and (4) that the court erred in its rulings as to the admission of evidence.

[1] It is conceded herein that the vendor cannot successfully claim a forfeiture because of default of the vendee unless he (the vendor) has performed or offered to perform those conditions upon his part which are precedent to or concurrent with the performance as to which the vendee is claimed to be in default. There is no merit however in appellant's contention that the contract of December 11th should be construed as requiring the delivery of a deed of conveyance on December 15, 1923, merely because this was the date specified for the prorating of rent, taxes and insurance. The contract is not fairly susceptible of such a construction, and, if it were, the conduct of the respective parties is conclusive that they did not so construe, understand or intend it. [2] There is more reason in appellants' contention that under the contract of December 11th they are entitled to a deed and a guarantee of title upon the payment of $100,000, and these conditions being concurrent the vendor could not put them in default except by tendering performance. If the contract of December 11th were the only writing between the parties it might be difficult to avoid the conclusion here contended for by appellants except for the fact that it appears quite clearly from the terms of this contract itself that the parties intended its performance to be consummated through and by means of an escrow. It is provided therein that the first $50,000 is to be paid to plaintiff "outside of escrow"; that the second $50,000 is to be paid to Title Insurance & Trust Company (obviously in escrow); that the buyer is "to pay for escrow fee." When these provisions of the contract are given consideration, in the light of the practical construction placed thereon by the parties in going into escrow with the Title

Insurance & Trust Company shortly thereafter for the carry-
ing out of the contract, the intention of the parties is ap-
parent that the deed of conveyance was to be delivered not
to the defendant directly but was to be delivered into escrow
to be there held and used for his benefit upon the payment by
him into escrow of the money which he was required to pay
at the time specified in the contract. It is in evidence that
in connection with the escrow a deed of conveyance was pre-
pared by the Title Insurance & Trust Company, was executed
by the plaintiff and by his wife as grantors, was acknowl-
edged by them before a notary public and certified by him
and delivered in escrow, where it remained until February
16th, when the papers were withdrawn by the plaintiff. This,
under the circumstances, was sufficient performance in so far
as the delivery of the deed is concerned. (*Gethin* v. *Walker*,
59 Cal. 502.) It is true that the deed itself was not pro-
duced in evidence, the plaintiff testifying that he had made
a search for it and was unable to find it. Neither was there
any direct evidence as to its contents other than the fact
that the Title Insurance & Trust Company was named therein
as grantee. The plaintiff did testify, however, in answer to
a question of counsel for defendants as to what he had de-
livered in escrow, that he had handed in "everything to
complete the deal, everything I was required to do." It may
be conceded that this testimony was incompetent as involving
a conclusion of the witness. It was received without ob-
jection, however, and there was no motion to strike it out.
There is no evidence in contradiction of it and there is no
suggestion anywhere in the evidence that the nonpayment of
the money was due to any claimed defect of title or other
failure of performance on the part of plaintiff. It was due
solely to the inability of the defendants to raise the money.
It cannot be said, therefore, that the finding of performance
in so far as it concerned the delivery of the deed is unsup-
ported by the evidence. We are unable to conclude that
plaintiff's agreement to furnish a guarantee of title was,
under the circumstances of this case, a concurrent covenant.
It was provided in the escrow instructions signed by the
defendant, as well as in those signed by the plaintiff, that
the guarantee of title should show the title to be vested in
the grantee, the Title Insurance & Trust Company. This
could not be done until the deed had been filed for record,

and this in turn could not be done until the money had been paid by the defendants. These conclusions render it unnecessary to discuss the point made by the respondent that the defendants, by notifying the plaintiff on February 13th of their inability to perform the contract, relieved him of the obligation to perform or offer to perform on his part. [3] We find no merit in the appellants' contention that the court erred in admitting the escrow instructions in evidence and that these instructions were incompetent to affect the correlative rights and obligations of the parties. These instructions having been signed on the same day and as a part of the same transaction are to be read and considered together. When so read and considered, if they contain all of the necessary constituent elements to make a contract they are to be regarded as a contract in writing between the parties. (*Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327].) It is immaterial whether the escrow instructions herein be regarded as merely supplemental to and by way of performance of the contract of December 11th or whether they be regarded as a subsequent contract in writing modifying the terms of the prior contract. [4] A contract in writing may be modified by a later contract in writing and the covenants and agreements of one party thereto furnish a sufficient consideration to support the promises and agreements of the other party thereto.

[5] The contention that the instructions herein do not match is predicated upon the circumstances that the plaintiff's instruction contained a provision that "If you are unable to comply with these instructions within the time specified ['2/15/24'] said instrument shall be returned to me on my written demand." Defendant's instructions contained a clause providing that "If you are unable to comply with these instructions by 2/4/24 said money and instrument shall thereafter be returned to me on my written demand." From a reading of defendant's instructions, in the light of the contract of December 11th, to which it obviously relates, it is readily inferable that the insertion of the date "2/4/24" was due to a clerical misprision and that it was intended to insert the date "2/15/24." When, in addition thereto, we read plaintiff's instruction, which is undeniably a part of the same transaction, this inference is the more probable, and we

have no doubt that this was the conclusion reached by the trial court.

It follows from what we have said that the court did not err in denying defendants' motion for a nonsuit.

[6] Appellant's contention that the trial court should have granted them equitable relief from the forfeiture under the provisions of section 3275 of the Civil Code is predicated upon the allegations of the amendment to their answer and the evidence offered in support thereof. The trial judge expressed himself as of the opinion that the amendment did not state facts sufficient to entitle the defendants to any relief, but nevertheless he permitted the amendment to be filed and he admitted substantially all of the competent evidence which was offered thereunder by the defendants. The respondent confidently asserts that if we should give the utmost effect in favor of the defendants to the evidence produced by them upon the issue it would be insufficient to justify the court in granting the relief sought by them. But that question is not before us. It is the duty of a reviewing court upon appeal to construe the evidence so as to support the judgment; to accept as true that evidence which tends to sustain the findings and judgment (unless it is inherently incredible) and to reject as untrue the evidence which conflicts therewith. Substantially all of the material facts testified to in behalf of defendants in support of their claim for equitable relief were either directly contradicted by the testimony of the plaintiff himself or were inferentially contradicted by the testimony of other witnesses produced by him. The trial court was the exclusive judge of the credibility of these witnesses. [7] If we accept as true the testimony of the plaintiff and his witnesses we must conclude that the plaintiff did not say or do anything to cause the defendants to believe that they would not be required to pay more than $50,000 on February 15th, or to lull them into any false sense of security; that the defendants did not rely upon anything so claimed to have been said or done by the plaintiff, and were not misled thereby, and furthermore, that even if the plaintiff had waived the payment of $50,000 on February 15th, the defendants would not have been able to pay the remaining $50,000 to be paid on that date, or any substantial portion thereof. In such state of fact there was no error in denying the equitable relief prayed for.

[8]  It does not appear that the court erred in excluding evidence of the conversations between the parties prior to the making of the contract of December 11th. It was not claimed that such conversations would aid in solving any ambiguity or uncertainty in the written contract and it was not shown to the trial judge, nor has it been made to appear to us, that they would have been material to any issue before the court. If it be assumed that the court erred in excluding testimony as to conversations between the parties subsequent to December 11th and prior to January 12th, still it does not appear that appellants could have been prejudiced thereby. The defendant Kauffman was permitted to testify that at a conversation on January 12th, immediately after the signing of the written agreement of that date, the plaintiff orally agreed and promised in effect that he would take an interest with the defendant in the purchase of the property to the extent of $50,000, pursuant to which he would "take care of" or waive the payment of so much of the purchase price. It may be inferred that if he had been permitted to do so the defendant would have testified that the plaintiff made a similar promise or parol agreement at a time prior to January 12th, but it is difficult to conceive that the defendant's case could have been benefited by such testimony. If such a promise or parol agreement was made prior to January 12th it was negatived and supplanted by the written contract executed on that date, which provided not for the waiver of the payment of $50,000 but for the postponement of the time of payment thereof for a period of one month. The fact is, as evidenced by the finding, that the trial judge did not believe the defendant's testimony upon this subject and we cannot conclude that his credibility would have been any greater had he been permitted to testify that the plaintiff made similar promises prior to January 12th. There was no error in sustaining the objection to the question, "Why didn't you pay Mr. Neher the sum of $100,000 on or before February 15th, 1924," and other similar questions. The question upon direct examination was too broad and would open the door to all sorts of incompetent and immaterial matters.

[9]  Complaint is made that the defendant Kauffman was precluded from testifying that he believed in and relied

upon the promise which he testified was made to him by the plaintiff on January 12th. His testimony as to his own belief and his own reliance was undoubtedly competent. Objections were sustained to a number of questions directed to this point, some of them perhaps erroneously, but the defendant was permitted to testify in effect that he depended upon that statement and promise of the plaintiff on January 12th and continued to depend upon it thereafter until February 7th, at which time he commenced to doubt that the plaintiff intended to perform his promise. This testimony substantially covered the ground upon this point. All of the rulings upon the admission of evidence which are claimed to have been erroneous related to the special defense pleaded in the amendment to the answer which was filed at the commencement of the trial. [10] We are in accord with the opinion expressed by the trial judge that this amendment failed to state facts sufficient to constitute a defense or to entitle the defendants to equitable relief. Substantially all of the allegations thereof were no more than mere conclusions of the pleader. No facts were alleged therein from which it would appear that the plaintiff said anything or did anything which would have a tendency to mislead the defendants to their injury, or upon which they would have been justified in relying. During the course of the trial the defendants asked leave to file a second amendment to their answer. The court did not rule upon this request at the time nor did defendants insist upon a ruling thereon. Some time after the conclusion of the trial a minute entry was made of an order denying this application. We find no error therein. [11] The allowance or disallowance of amendments to pleadings during the course of the trial is a matter resting largely in the discretion of the trial court. (*Milliken* v. *Valencia*, 47 Cal. App. 16 [189 Pac. 1049], and cases there cited.) But aside from this, no error can be predicated upon this ruling for the reason that the defendants never prepared or tendered for filing any proposed amendment.

It is contended that the court made conflicting findings of fact. It is true that the findings are susceptible of a construction which results in a conflict. But they are also susceptible of a construction which eliminates the conflict,

and in such case it is the duty of the reviewing court to so construe them that they will harmonize.

The judgment is affirmed.

Lawlor, J., Waste, J., Shenk, J., Richards, J., Seawell, J., and Lennon, J., concurred.