[Civ. No. 4933. Second Appellate District, Division One.—October 25, 1927.]

OLIN W. LITTLE, Appellant, v. RUTH KENNEDY et al., Respondents.

D. P. Hatch for Appellant.

Jennings & Belcher for Respondents.

McLUCAS, J., *pro tem.*—Plaintiff appeals from a judgment rendered in favor of the defendants in an action brought for money had and received.

Plaintiff and defendants entered into a verbal agreement for the sale of real property whereon plaintiff made a payment of $1,000 to the defendants, which payment was to be applied upon the purchase price of $9,250. Thereafter, on April 9, 1923, the parties went into escrow, and plaintiff signed escrow instructions containing the following language:

"I will hand you $8250.00 in 20 days, and will deliver to you any instruments which this escrow requires shall be executed by me, all of which you are instructed to use, provided within 30 days from date the necessary instruments are delivered to you to enable you to have a Guarantee Certificate of Title or a Continuation Certificate of Title made by the T. I. & T. Co. covering the following described property: (Here follows a description of the property.) Showing title vested in O. W. Little and Josephine M. Little, his wife, as joint tenants. Free from incumbrance except: 1. All taxes for fiscal year 1923–1924. 2. Conditions, restrictions and reservations of record. (Here follow certain agreements made by the buyer, together with provisions relating to the certificate of title.) In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you are instructed to complete the same at the earliest possible date thereafter, unless I shall have made written demand upon you for the return of the money or instruments deposited by me.

"(Sgd.) O. W. LITTLE."

Defendants' escrow instructions were given at the same time, as a part of the same instrument, and contained the following:

"The conditions as above are hereby approved and I will hand you herewith a deed executed by Blanche McKee and Ruth E. Kennedy in favor of O. W. Little and Josephine M. Little, conveying property above described which you are authorized to deliver provided you hold for my account the sum of $8250, together with above mentioned instruments executed as above set out, within the time as above provided. (Here follow provisions relating to payment of fees and an agreement that the property is to be free and clear of incumbrance.) All of the demands of the purchaser of the property, as set forth above are hereby agreed to and the provision for extension of time within which escrow may be closed applies equally to me.

"(Sgd.) MRS. E. L. KENNEDY."

The sum of $8,250 nor any other sum was ever deposited in escrow by the plaintiff; neither was the deed conveying the property ever deposited in escrow by the defendants.

Appellant contends that plaintiff and appellant was not in default and was not required to pay his money in advance of receiving title to the property; that defendants and respondents were in no position to demand the money or to declare a forfeiture of the money paid on the purchase price until they had acquired title to the property and tendered it to plaintiff and appellant; that tender of the money by plaintiff was excused and that the defendants and respondents by their acts, statements and agreements rescinded the contract, and that therefore plaintiff and appellant is entitled to recover the amount paid on the purchase price. ■ We cannot agree with appellant's claim that appellant was not in default, in view of the express provisions contained in the escrow instructions signed by appellant and dated April 9, 1923. These provisions required the appellant to place in escrow the sum of $8,250 within twenty days, and appellant was clearly in default on April 29, 1923, unless an extension of time was granted by respondents. No evidence was offered showing any such extension; to the contrary, evidence was offered by respondents of three separate demands for the payment of the money into escrow. This is not a case where the obligations of the parties are mutual, concurrent, and dependent, as is held in the cases cited by appellant. As said in *Hill* v. *Grigsby,* 35 Cal. 656, 662: "In contracts of this description the undertakings of the respective parties are always considered dependent unless a contrary intention clearly appears." But here a contrary intention clearly appears. Appellant agreed to make the deposit in escrow on or before April 29th, and respondents were not bound to tender performance by depositing their deed in escrow until ten days thereafter; nor until appellant had made such deposit. ■ The rule is well settled that a vendee in default, in the absence of a mutual rescission, cannot recover sums previously paid on account of the contract. (*Tomboy Gold & Copper Co.* v. *Marks,* 185 Cal. 336, 339 [197 Pac. 94].)

■ As distinguished from *Holland* v. *McCarthy,* 173 Cal. 597 [160 Pac. 1069], the transaction herein was a contract of sale entered into by the parties thereto; while in the Holland case the parties had no negotiations between themselves and did not enter into any contract of sale, but

merely delivered certain writings to an agent which were not construed as a contract of sale, nor as authorizing the agent to make a sale. In the case at bar these instructions, having been signed on the same day and as a part of the same transaction and constituting one document, are to be read and considered together. When so read and considered the instrument contains all the necessary constituent elements to make a contract and is to be regarded as a contract in writing between the parties. (*Thompson* v. *David,* 199 Cal. 386, 390 [249 Pac. 513]; *Neher* v. *Kauffman,* 197 Cal. 674, 683 [242 Pac. 713]; *Tuso* v. *Green,* 194 Cal. 574, 581 [229 Pac. 327].)

On the first. Sunday in June, 1923, plaintiff presented to defendant Ruth Kennedy a written demand to return the sum of $1,000 paid upon the purchase price of said property, which demand was dated May 31, 1923. It is claimed by appellant that by reason of the conduct and declarations of the defendants he was not required to make a tender at that time. The conduct relied upon by the plaintiff is that he was advised by defendants that they had decided to purchase only a portion of the property and had made arrangements to that effect. It is argued by appellant that because the defendants did not acquire all of the property plaintiff was under no obligation to tender the balance of the purchase price to defendants, for the reason that defendants were not in a position to convey to plaintiff. According to the evidence submitted by defendants, defendants at all times had sufficient money to complete the entire transaction, if plaintiff paid in the balance due from him; and the parties who had agreed to sell the property to the defendants were willing to make a deed of the entire property when the required amount of money was placed in escrow. Upon plaintiff's failure to make the required deposit of $8,250 defendants were unable to complete the purchase of the entire property, and thereupon made arrangements to purchase a portion thereof. This evidence was sufficient to justify a conclusion on the part of the trial court that the failure of the entire transaction was due to plaintiff's failure to perform under his agreement. We see no merit in appellant's contention that tender on the part of plaintiff was excused.

Rescission by mutual consent of the parties is urged by appellant and is based upon an alleged course of conduct between the parties indicating an intention to rescind. Appellant relies upon certain statements which he testified were made by respondents to the effect that on June 3d plaintiff demanded the return of his money; that the defendants stated they would tender him a deed the next day; that two days later he was advised by defendants that they had decided to purchase only a portion of the property, and that they had sold ninety feet of it to other parties. Much of plaintiff's testimony was specifically denied by defendant Ruth Kennedy, and other portions she did not recall. In view of this conflict we conclude that the evidence was sufficient to support the conclusion of the trial court that there was no rescission by mutual consent of the parties.

The judgment is ordered affirmed.

Houser, Acting P. J., and York, J., concurred.