[Civ. No. 4886. Second Appellate District, Division Two.—March 2, 1928.]

F. R. HUDSON, Appellant, v. C. E. SLONAKER, Respondent.

Charles D. Wallace and Carl E. Cameron for Appellant.

P. E. Keeler for Respondent.

VALENTINE, J., *pro tem.*—Plaintiff brought this action to recover damages which he claimed to have suffered through the failure of defendant to comply with a certain agreement in writing, a copy of which was attached to the complaint, and which it is claimed constitutes a contract for the sale of real property by defendant to plaintiff, for the sum of $2,500, it being alleged that the property was worth $5,000, and thereby plaintiff was damaged to the extent of $2.500. The court sustained defendant's general demurrer to the complaint, and upon plaintiff's refusal to amend, judgment was entered for defendant, and plaintiff brings this appeal.

Appellant states that the sole question raised is whether escrow instructions set forth in the pleadings constitute a contract upon the breach of which an action for damages can be maintained.

We deprecate long quotations, but it here seems necessary to set forth the escrow instructions. The essential portions of appellant's instructions are as follows:

"ESCROW INSTRUCTIONS
Order No. 697302.
Escrow No. 205637.
"Title Insurance and Trust Company:
"Los Angeles, Cal., Sept. 6, 1923.
"I will hand you $2500.00 and my charges all of which you are authorized to use in connection with your order No. 697302 when you can issue, in your usual form, your continuation for Title Guarantee and Trust Co. (with your liability thereunder not to exceed $2500.00) on lot 13 and 14, block 26 of the Alamitos Heights Tract as recorded in book 5, page 124 of maps, records of Los Angeles county, which will show record title to said property vested in F. R. Hudson and Laura N. Hudson, wife, as joint tenants, free from incumbrances EXCEPT all taxes for the fiscal year 1923 and 1924 not examined.

Summary.

"When you can certify the title as called for above pay for deed $2500.00.

"Instruct the recorder to mail:

"Deed to me, address below.

"The guarantee when completed to be delivered to me.

"If you are unable to comply with the instructions by Oct. 6, 1923, said money and instruments shall thereafter be returned to me on my written demand, but in the absence of such demand you will proceed to comply with these instructions as soon as possible thereafter. And time is declared to be of the essence of these instructions. . . .

"All disbursements may be made by check of Title Insurance and Trust Company.

"Begin search of title.

"I agree to pay the following charges before the close of this escrow.

"For guarantee vesting title in me on property I acquire, $5.00.

"For recorder's fees as follows (estimated), deed, $1.20.

"Phone 317183. Signature F. R. Hudson,

"Address 216 Newport St., Long Beach."

There follows the acknowledgment by F. R. Hudson and the certificate of recording on September 2, 1923. Respondent's instructions are as follows:

"TITLE INSURANCE AND TRUST COMPANY
Title Insurance Building
"Order No. 697302.
"Escrow No. 205637.
ESCROW INSTRUCTIONS.
Los Angeles, Cal.
Sept. 6, 1923.

"Title Insurance and Trust Company;

"I will hand you deed

executed by  C. E. Slonaker, single man

to F. R. Hudson and Laura N. Hudson, wife, as joint tenants of Lot 13 and 14 Block 26 of the Alamitos Heights Tract as recorded in Book 5, Page 124, of Maps, Records of Los Angeles County.

which you are authorized to deliver to grantees or their representatives, upon payment to you by Oct. 6, 1923, for account of parties executing the instrument the sum of

$2500.00 (payable by check of Title Insurance and Trust Company), from which you may deduct $5.00 for your Escrow charges, and for your usual form Cont. guarantee limiting liability to $2500.00 as chgd. and from which you may also pay all incumbrances on said property.

"Subject to all taxes 1923–24, not examined

"Draw deed for which I pay

"Affix and cancel Internal Revenue Stamps on deed $2.50.

"Time is declared to be of the essence of these instructions.

"If you are unable to comply with these instructions within the time specified, said instructions shall be returned to me on my written demand; but in the absence of such demand you will proceed to comply with these instructions as soon as possible thereafter. Begin search of title at once, charges for which I will pay.

"(Signed) Signature C. E. SLONAKER .

Address        248 So. Olive St. L. A.

Respondent contends that in appellant's instructions no reference is made to respondent, only to the property. That there is no instruction to purchase or obtain title from respondent, only to use the $2,500 when the escrow-holder can issue its certificate to the title to lots 13 and 14, *non constat* but what this title might have passed from respondent and changed hands several times, so that if the title had finally been certified to appellant, the respondent might never have appeared in the transaction, except as his name was reported in the chain of title.

Respondent then proceeds in a logical manner to argue that there was no mutuality, no meeting of minds of appellant and respondent, and no acceptance, and cites numerous authorities, including to the same effect *Lambert* v. *Gerner*, 142 Cal. 400 [76 Pac. 53], in which case, at page 403 [76 Pac. 54], the court says: "But appellant fails to make it clear as to where the acceptance is to be found. His argument seems to be 'That all the papers are to be taken together' to show this acceptance. An acceptance, in order to make the contract complete, must be unconditional; there must be an acceptance of the *offer as made,*"— and that even assuming that plaintiff's instructions may be construed as an offer, nevertheless these instructions and the defendant's instructions are unrelated individual instruc-

tions conferring authority upon the title company to proceed in the particular manner indicated, but without conferring upon it any other or additional agency or authority. Conceding for the sake of argument that respondent's position and the decision of the trial court in sustaining the demurrer on these grounds was justified by the authorities cited by respondent at that time, the supreme court has held in *Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327]:

"In construing such a contract the separately executed instruments are to be considered together as one contract. . . . In such situation the mutual stipulations of the parties, the actual conveyance in escrow by one and the promise by the other to pay the price, both being valid, constituted a sufficient consideration and created a valid escrow."

The facts in the above case were similar to those in the case at bar, and this authority together with the later cases of *Neher* v. *Kauffman,* 197 Cal. 674 [242 Pac. 713, and *Thoroman* v. *David,* 199 Cal. 386 [249 Pac. 513], establishes the contrary principle to that contended for by respondent, viz., the principle that the separately executed escrow instructions are to be considered and construed together and not as "unrelated, individual instructions."

In *Neher* v. *Kauffman, supra,* the court says: "These instructions having been signed on the same day and as a part of the same transaction are to be read and considered together. When so read and considered, if they contain all the necessary constituent elements to make a contract they are to be regarded as a contract in writing between the parties." (Citing *Tuso* v. *Green, supra.*)

In the case at bar the instructions were signed on the same day and were part of the same transaction.

Respondent contends that the consent of the parties was not mutual because they did not agree upon the same thing in the same sense (Civ. Code, secs. 1565, 1580), and in support of this contention argues that plaintiff could have withdrawn his money before the performance of the conditions set forth in his (plaintiff's) instructions to the title company.

Again, conceding that the authorities cited by respondent and presumably relied upon by the trial court may have seemed to them to justify this argument at the time, the same is entirely negatived by the cases last cited above. As

an incident to this argument as to lack of mutuality respondent contends that no consideration passed to him from the title company compelling him to continue the agency for any length of time, but in *Tuso* v. *Green, supra,* the court held that "the mutual stipulations of the parties, the actual conveyance in escrow by one and the promise by the other to pay the price, both being valid, constituted a sufficient consideration." Applying the above principles to the escrow instructions in the case at bar, it is apparent that there was a contract in writing and the complaint so alleging, and alleging a breach thereof by defendant, it is stated a cause of action, and the demurrer should have been overruled.

Judgment reversed.

Craig, Acting P. J., and Thompson, J., concurred.