[Civ. No. 6267. Second Appellate District, Division Two.—January 9, 1930.]

ISAIAH H. SMITH et al., Respondents, v. STAR PETROLEUM COMPANY (a Corporation), Appellant.

Neil S. McCarthy, George J. Stoneman, Earl L. Banta and Howard P. Hall for Appellant.

Clement L. Shinn for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from a judgment for plaintiffs in an action brought to recover from the defendant the sum of $4,500 agreed by defendant to be put in escrow to be delivered to plaintiffs for an oil lease upon property belonging to the latter. While stated in different ways, the appellant urges two reasons why the judgment should be reversed: First, that there was no written contract between the parties, and second, assuming a sufficient contract, that there was a failure to perform by the respondents within the time provided.

The points raised necessitate a brief statement of the facts. On April 16, 1925, the appellant gave to the California Title Insurance Company its instructions, the ma-

terial portions of which are as follows: "We hand you herewith our check for the sum of five hundred dollars ($500,00) and we will hereafter hand you the sum of four thousand dollars ($4000.00) which you are authorized to pay to the order of Isaiah H. Smith, Maude L. Patrick, Cora Hillerman and Alvira Daisley, jointly or to divide the same between them as they may agree upon, provided that within thirty (30) days from the date hereof, you receive for us an oil lease upon the property hereinafter described" (here follows certain terms of the lease not in dispute in this action) "which said lease you will record for us and show in your guarantee of title when you can write the same showing title in said lessors, free and clear of encumbrance except current year's taxes and showing said title to be free from any conditions, reservations or restrictions which would prevent the drilling of an oil well on said property.

"Upon recording said lease, you will deliver a duplicate copy thereof executed by the said lessors and the undersigned to the said lessors.

"Your guarantee of title shall be written with a maximum liability of $1,000.00, The undersigned will pay one-half (½) of the cost of escrow charges, for recording lease, and the lessors will pay the balance of your charges."

(Here follows description of property.)

On April 20th the respondents each signed instructions as follows:

"In your escrow No. 284804

"I hand you herewith in duplicate oil lease in favor of Star Petroleum Company covering lots 1, 2, 3 and 4 of Tract 3244, in the county of Los Angeles, state of California, as per map recorded in book 37 of maps at page 22, records of said county.

"Please deliver one .of these leases to the lessee and one to Clement L. Shinn when you have written your guarantee of title with liability of $1,000 showing title to the land in said lease described vested in lessor subject to 1925–26 taxes.

"Receive for me, etc." (here follows sum of money designated by each of the respondents aggregating $4,500).

The argument of appellant to support its claim that no contract was entered into is in effect that the respondents did not unconditionally accept its offer as contained in

the instructions which we have quoted. In particular it is said that the respondents called for a guarantee of title showing the property to be free from encumbrances except taxes for the current year and free also from any conditions, reservations or restrictions which would prevent the drilling of an oil-well upon the property while the instructions of the respondents provided for a guarantee showing title vested in them subject to taxes of 1925–26. Suppose the instructions of the respondents had contained the word "only" after the word "subject," making it read "subject only to 1925–26 taxes," could it then be argued that the respondents had not accepted the offer of the appellant? We think not. For in the assumed situation the respondents would have agreed to evidence a title in themselves, free from all and every kind of encumbrance except the taxes. That the language actually employed is, under all the circumstances, subject to the construction already suggested in the question cannot be seriously doubted. And that the trial court deemed such construction to be proper is made manifest by a finding to the effect that the parties entered into a contract which called for the respondents to produce "a guarantee of title by the California Title Insurance Company at Los Angeles, California, covering the real property described in said lease, and showing title in the plaintiffs free and clear of encumbrances, except current year's taxes, and showing said title to be free of any conditions, reservations, or restrictions which would prevent the drilling of an oil well on said property, and subject only to exceptions set forth in said lease." Counsel for appellant asserts that *Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327], and *Neher* v. *Kauffman,* 197 Cal. 683 [242 Pac. 713], are not in point upon the question whether the escrow instructions constitute a contract in the present instance for the reason that in the two cases mentioned the parties were all present, whereas in the present case the respondents' instructions were not executed or delivered the same day as the appellant's. There is no merit in this contention. The respective writings of the parties in a single escrow contain all of the necessary constituent elements of a contract and it is immaterial that the acceptance was not deposited therein at the identical time as the offer.

■ A more serious question is presented by the second attack upon the judgment. Reverting for the moment to the language of appellant's instructions, we find this wording, "provided that within thirty (30) days from the date hereof you receive for us an oil lease upon the property hereinafter described." Counsel say that the words "receive for us" indicate that the escrow-holder must have been able to close the escrow and record the lease within the thirty-day period, otherwise it could not "receive for" appellant the lease. This argument proceeds upon the premise that according to *Shreeves* v. *Pearson*, 194 Cal. 699 [230 Pac. 448], the escrow-holder is the agent of both parties prior to the performance of the terms of the escrow and only becomes the agent of each upon its close. In other words, appellant asserts that the title company could not receive a lease for it until it had ceased to act for both parties and its dual agency had changed to an agency for each of the parties. While conceding the ingenuous nature of the argument, we must deny it the persuasive force claimed for it by counsel. In the very case upon which he relies a typical example of a deed being deposited to be delivered to the grantee upon payment by the latter of a certain sum of money is discussed. The court says: "the escrow holder is as to such deed and money the agent of both parties until such time as the said satisfactory certificate of title is produced." The opinion does not say, and this is the important feature to be noted, that the escrow-holder is the agent of the grantor as to the deed and of the grantee as to the money until the satisfactory title is produced, but that it holds the deed and the money for *both* during the interim between opening and completion. It follows, therefore, that when the lease was deposited in the escrow the escrow-holder represented the appellant for the purpose of asserting and protecting appellant's claim thereto in accordance with its instructions until the escrow should be closed and when closed to deliver it over to the appellant (or record, as in the present case). We are accordingly bound to look further to the instructions of the appellant for the proper construction. We observe that while it was perfectly convenient for appellant to have provided that the lease was to be recorded within the thirty-day period if it so desired, it said: "which said lease you

will record for us and show in your guarantee of title *when* you can write the same showing, etc." It is apparent from an analysis of the entire document that the thirty-day period had reference to the receipt in escrow of the lease and the time for recordation was fixed upon the fulfillment by the title company of a condition, that of being able to write their guarantee of title—which in the absence of a time certain would necessarily have to be within a reasonable time after deposit of the lease. We are the more persuaded to this conclusion by the fact that the instructions given by the appellant were separate from those of the respondents. They were presumably prepared by it and must therefore, in accordance with a well-settled rule of law, receive a construction as favorable to the respondents as any uncertainties in it may permit. It is not claimed that the escrow was not closed within a reasonable time, but only that the guarantee of title was not written within the period of thirty days.

Judgment affirmed.

Works, P. J., and Burnell, J., *pro tem.,* concurred.