[Civ. No. 6674. Second Appellate District, Division One.—July 13, 1931.]

SARAH M. STEEL, Respondent, v. GEORGE M. DUNTLEY, Appellant.

452

George Clark and C. W. Pendleton for Appellant.

John C. Miles and Donald R. Peck for Respondent.

BISHOP, J., *pro tem.*—Upon the second trial of this action, based on the breach by the vendor of a contract to sell real estate, the parties stipulated "that the only question at issue before the court was whether or not the escrow instructions of the respective parties . . . constituted an agreement in writing legally sufficient to satisfy the Statute of Frauds (sec. 1973, subd. 5, Code Civ. Proc.)". The trial court was satisfied that the statute had been complied with, and with this conclusion we agree.

One of appellant's premises, advanced by counsel not now in the case, is that the writing required by the statute must be subscribed by the vendee, the plaintiff in this cause. This is not the requirement of the law. The party to be charged is the only one who must sign, and in the situation before us that is the vendor (who did sign). (*Benson* v. *Shotwell*, (1890) 87 Cal. 49 [25 Pac. 249]; *Cavanaugh* v. *Casselman*, (1891) 88 Cal. 543 [26 Pac. 515]; *Easton* v. *Montgomery*, (1891) 90 Cal. 307 [25 Am. St. Rep. 123, 27

Pac. 280] ; *Cowan* v. *Tremble*, (1931) 111 Cal. App. 458 [296 Pac. 91] ; see *Harper* v. *Goldschmidt*, (1909) 156 Cal. 245 [134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689, 104 Pac. 451].) In each of these cases there was a down payment made by the vendee, but this was not part performance taking the contracts out from the statute of frauds (*Dondero* v. *Aparicio*, (1923) 63 Cal. App. 373 [218 Pac. 608]), and the fact of payment was not relied upon by the court in determining that the contracts were valid. The statute of frauds does not require the signature of any party other than the one to be charged.

■ Following an oral contract to sell and buy the piece of property involved in this action defendant and plaintiff signed separate escrow instructions, the defendant signing personally, the plaintiff by her nephew, who had acted as her agent throughout the deal. It is of no consequence that the nephew had no written authorization to act as plaintiff's agent. These escrow instructions, signed the same day, referring to the same property, containing the terms of the oral agreement, but with additional terms to be expected in an escrow, constitute a written contract subscribed by the party to be charged, i. e., the defendant. (*Tuso* v. *Green*, (1924) 194 Cal. 574 [229 Pac. 327] ; *Neher* v. *Kauffman*, (1925) 197 Cal. 674 [242 Pac. 713] ; *Hudson* v. *Slonaker*, (1928) 89 Cal. App. 620 [265 Pac. 346] ; *Wilson* v. *Coffey*, (1928) 92 Cal. App. 343 [268 Pac. 408].) The escrow instructions before us do not vary in any material provision from those under consideration in the last two cases cited. Nor is there any circumstance which requires a different conclusion from that reached in those cases.

■ But if the escrow instructions were insufficient to constitute a written contract, the instruction signed by the defendant constitutes a sufficient memorandum of the oral contract, into which the parties had entered, to satisfy the statute. (*Coulter* v. *Howard*, (1927) 203 Cal. 17 [262 Pac. 751] ; *Fritz* v. *Frost*, (1931) 114 Cal. App. 602 [300 Pac. 454].)

· The judgment is affirmed.

Conrey, P. J., and York, J., concurred.