[Civ. No. 7755. Second Appellate District, Division One.—June 5, 1934.]

J. P. DE L'EAU, Respondent, v. D. C. WILLIAMS et al., Defendants; RUSSELL L. WILLIAMS, Appellant.

McAdoo & Neblett, William H. Neblett, McAdoo, Neblett & Clagett, John G. Sobieski and Birney Donnell for Appellant.

Clyde C. Shoemaker for Respondent.

YORK, J.—Appeal from a judgment recovered by plaintiff against defendant Russell L. Williams for the sum of $5,000 with interest thereon from June 10, 1923, and also from that part of the judgment wherein it is ordered that ·defendant take nothing against said plaintiff on his crosscomplaint on file herein.

It appears that respondent and his wife were the owners of a certain oil lease called the Severy lease, and that on or about June 10, 1923, they entered into an agreement with appellant Russell L. Williams, whereby said respondent and wife transferred and assigned said lease to appellant in consideration of payment to them by him of the sum of $5,000, or the value thereof in stock of the Russell Oil Company as soon as that company was organized. Because of failure of appellant to carry out the terms of the agreement, plaintiff brought action and recovered judgment, as above stated. The action was commenced by complaint filed December 26, 1924. The amendment adding the third count to the complaint was filed April 18, 1929.

The appellant makes the following assignments of error: 1. The court abused its discretion in refusing to allow defendant to amend his answer and show the fraud of plaintiff in procuring the contract on which he was suing. 2. The evidence does not support the findings. 3. The findings do not support the judgment. 4. The finding that the amendment to the complaint is not barred by the statute of limitations is against the law.

During the course of the trial, the attorney for appellant made the statement: "We have just been informed this morning that. the agreement upon which the plaintiff is now suing for a commission of $5,000 was obtained from Mr. Severy; that he collected a commission from the other side; he collected commissions from both

sides without informing the defendant. I am going to ask leave to file an amended answer and an amended cross-complaint to set up these facts, to set up the fraud of the plaintiff in that transaction, and that we did not know it until this morning; and we will no doubt have Mr. Severy here to testify to the facts.'' The motion when made was denied by the court. No such pleading was actually presented to the court nor was the exact wording of such proposed pleading stated to the court.

As a matter of fact, the action here was commenced on December 26, 1924, and it was not until April 16, 1930, during the trial of the action, that the above statement was made, claiming that appellant had collected commissions from both sides and that it was fraudulent. The basis of the fraudulent acts complained of by appellant was a purported agency relationship which appellant claims existed between him and respondent. There was no mention made of such relationship in any of the pleadings in this case, and no finding was made to that effect. We think that in the absence of an allegation in the pleadings of the existence of such relationship between the parties, taken together with the lapse of over five years from the date of commencement of the action to the trial, and the insufficiency of the statement made concerning defendant's failure to make an earlier discovery of the facts relating to the proposed new defense, that there was no abuse of discretion on the part of the trial court in refusing permission to appellant to file an amended answer. ''But aside from this, no error can be predicated upon this ruling for the reason that the defendant never prepared or tendered for filing any proposed amendment.'' (*Neher* v. *Kauffman,* 197 Cal. 674, 686 [242 Pac. 713, 718].)

■ The findings are amply supported by the evidence and the findings support the judgment of the trial court.

■ Appellant's fourth point, to the effect that the court erred in his finding that the amendment to the complaint is not barred by subdivision 1, section 337, Code of Civil Procedure, is without merit. The first cause of action was for the sum of $5,000 and the third cause of action, set up by the amended complaint, goes into detail as to the transaction entered into by the parties, and prays for the sum of $5,000. The first cause of action and the third

cause of action are based upon the same obligation, and the amended complaint is not barred by the statute of limitations.

The judgment appealed from is affirmed.

Conrey, P. J., concurred.

HOUSER, J., Dissenting. — I dissent. Considering the entire record pertinent to the denial by the trial court of the request made by the defendants for leave to file an amended answer and an amended cross-complaint, I am of the opinion that the trial court committed error prejudicial to the substantial rights of the defendants.

With reference to the manner in which discretion of the trial court should be exercised, in the case of *Bailey* v. *Taaffe*, 29 Cal. 422, 424, it was said:

"The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis*, when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other."

And the language used by the Supreme Court in the case of *Guidery* v. *Green*, 95 Cal. 630, 633 [30 Pac. 786, 787], is indicative of the conclusion that in the instant case the "discretion" of the trial court became a bounden duty in favor of making its order by which the defendants would be permitted to file their proposed amendment. It was there said:

120

"If the defendant could establish the facts presented by these amendments to his answer, they would constitute a defense to the plaintiff's demand (*Farmers' N. G. Bank* v. *Stover*, 60 Cal. 387); and for that reason, if for no other, the court should have allowed the amendments. (*Stringer* v. *Davis*, 30 Cal. 321.) If, by reason of such amendments, the court was satisfied that the plaintiff was taken by surprise, and required further time in which to make suitable preparations for meeting such defense, it could have continued the case or postponed the further hearing until the plaintiff should have reasonable time to make such preparation, and at the same time would impose upon the defendant such terms as would compensate the plaintiff for the expense and delay caused thereby. It can very rarely happen that a court will be justified in refusing a party leave to amend his pleading so that he may properly present his case, and obviate any objection that the facts which constitute his cause of action or his defense are not embraced within the issues, or properly presented by his pleadings." To the same effect, see *Crosby* v. *Clark*, 132 Cal. 1 [63 Pac. 1022]; *Marr* v. *Rhodes*, 131 Cal. 267 [63 Pac. 364].

Likewise, in the case of *Burns* v. *Scooffy*, 98 Cal. 271, 276 [33 Pac. 86, 87], where a similar question was before the Supreme Court, it was said:

"Experience shows that in the attainment of justice by resort to judicial tribunals, amendments to pleadings are of ever recurring necessity; and the tendency of judicial decision should be, and is, towards liberality in permitting, where it can be done without working great delay, such amendments as facilitate the production of all the facts bearing upon the questions involved.

"Our code looks to liberality in this matter, and the action of our courts tends in the same direction. To strike out a pleading, which is susceptible of being amended by a statement of facts known to exist, and which constitute a cause of action or defense to an action, is a harsh proceeding, and should only be resorted to in extreme cases. To refuse permission to answer with a valid defense in hand can only be justified in the face of facts showing wilful neglect, inexcusable carelessness, or irreparable injury to plaintiff.

"The drift of opinion in this court from an early date has favored a broad liberality rather than severely technical tendencies on this subject." (Citing many authorities.) And see generally, 21 California Jurisprudence, page 183 et seq., and authorities there cited.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 3, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 2, 1934.