[Civ. No. 1977.  Fourth Appellate District.—July 18, 1936.]

J. EDGAR ROSS, Appellant, v. SOUTHERN CALIFORNIA JUNIOR COLLEGE (a Corporation), Respondent.

J. Edgar Ross, *in pro. per.*, for Appellant.

J. E. Light for Respondent.

TURRENTINE, J., *pro tem.*—On September 20, 1927, George B. Brown and Alta B. Brown, his wife, made their promissory note to the defendant for $655.50, secured by mortgage on the real property in controversy herein, which they then owned.  In 1928, George B. Brown conveyed said property to Arthur F. Brown, his wife Alta B. Brown not joining in the deed.  October 11, 1929, defendant purchased the real property which was sold under a decree of foreclosure of the mortgage.  It thereupon became the legal owner of the property subject to the redemptioner's right to redeem the same in the manner provided by law.  (Code Civ. Proc., sec. 700; *McNutt* v. *Nuevo Land Co.*, 167 Cal. 459

[140 Pac. 6].) On October 30, 1929, the defendant entered into an agreement with Arthur F. Brown, wherein it agreed that it would, on receiving the deed from the sheriff, pursuant to the foreclosure sale and on performance of the conditions and stipulations contained in the contract, convey to Arthur F. Brown the real property above referred to, and Arthur F. Brown agreed to pay therefor $927.42, with interest thereon at the rate of 7 per cent per annum at the rate of $30 per month, beginning November 1, 1929, and $30 on the 1st day of each month thereafter. Time was made of the essence of the contract in all of its terms and conditions. It was further agreed that should the property be redeemed Arthur F. Brown would receive back such payments as he had made and the contract would thereupon be terminated. It was further agreed that if Arthur F. Brown failed to make the payments and should be in default for ten days the defendant had the option to terminate the agreement by giving written notice to Arthur F. Brown through the United States mails and that upon giving such notice all rights of Arthur F. Brown should cease and terminate. The agreement was made binding on the heirs, executors, successors and assigns of the parties. Arthur F. Brown then entered into possession of said property. He paid the $30 per month agreed upon on November, December, January and February 1st respectively, but paid no instalments thereafter due or to become due. The house on the property was insured for the principal sum of $1,000, the premium having been paid by defendant and the amount thereof included in the foreclosure and sale price of the property. The defendant was protected under said insurance policy as mortgagee of the property. On August 15, 1930, the house was destroyed by fire. Defendant made due claim for the insurance to the extent of its interest as mortgagee. The insurance company required that the interest of defendant be transferred to it under its subrogation clause in the policy, which was done by conveying the property, at the request of the insurance company, to a W. B. LaForce, as its trustee. The amount of insurance paid was $922.23, being the amount of the bid at the sale, plus the interest and cost of execution of the deed. On November 21, 1930, defendant mailed by registered United States post, notice of the default of Arthur F. Brown to him and the election of defendant to terminate the agreement,

which notice was received by Arthur F. Brown November 26, 1930. Plaintiff succeeded to whatever rights Arthur F. Brown may have in this litigation.

Plaintiff does not claim as a redemptioner. The record discloses that he did not redeem either from defendant or from defendant's assignee and grantee, the insurance company.

█ Plaintiff, in his pleadings and briefs, asserts that he stands squarely on the contract of October 30, 1929. Under the terms of the contract he was in default from and after the first day of March, 1930, and notice of termination of the agreement for the defaults was given in the manner provided by said contract November 21, 1930, and received by him November 26, 1930. What rights he may have had could have been asserted against the insurance company which succeeded to the rights of the defendant in the property, but to assert such rights the vendee under the contract must not be in default in any material matter in the contract. While plaintiff styles this an action for an accounting, yet it could only be for the recovery of the amounts paid. One in default cannot maintain an action for recovery from the other of sums previously paid on the contract for the sale of real property. (*Rosenthal* v. *Silveira,* 42 Cal. App. 637 [184 Pac. 58]; *Little* v. *Kennedy,* 86 Cal. App. 324 [260 Pac. 890]; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199]; *Los Angeles Gas & Electric Co.* v. *Amalgamated Oil Co.,* 156 Cal. 776 [106 Pac. 55]; *Cross* v. *Mayo,* 167 Cal. 594 [140 Pac. 283].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 14, 1936.