[Civ. No. 12335. Second Dist., Div. One.—April 24, 1941.]

FRANK E. HOOK et al., Appellants, v. CHARLES F. WREN et al., Respondents.

J. Maxwell Peyser for Appellants.

Warren E. Libby and Philbrick McCoy for Respondents.

YORK, P. J.—This appeal, presented on the judgment roll alone, is prosecuted from a judgment of dismissal which was entered on February 8, 1939, after the trial court had sustained respondents' amended demurrer to the amendment to the amended complaint herein without leave to amend, and also denied appellants' motion for leave to further amend said complaint.

The action was commenced on October 31, 1935, to recover damages for alleged fraud in the sale by respondents to appellants of stock in The Pickwick Corporation, a California corporation.

Respondents demurred to the first amended complaint as amended on the grounds (1) it did not state facts sufficient to constitute a cause of action; (2) that the alleged cause of action was barred by the statute of limitations (sec. 359 and subd. 4 of sec. 338, Code Civ. Proc.); (3) misjoinder of

442

parties plaintiff; (4) uncertainty; (5) ambiguity; (6) unintelligibility.

■ Regardless of whether the allegations of the amended complaint, as amended, were sufficient as against a general demurrer and the special demurrer raising the defense of the statute of limitations, they were clearly demurrable on the grounds of uncertainty, ambiguity and unintelligibility. Moreover, although the point is not discussed in this appeal, the court very properly denied appellants' motion for leave to further amend their complaint, for the reason that they neither disclosed the nature of the alteration they desired to make therein, nor presented a copy of their proposed amendment to the trial court. (*Martin* v. *Thompson*, 62 Cal. 618 [45 Am. Rep. 663]; *Todhunter* v. *Klemmer*, 134 Cal. 60 [66 Pac. 75]; *Ellerhorst* v. *Blankman*, 102 Cal. App. 133 [282 Pac. 507]; *de l'Eau* v. *Williams*, 139 Cal. App. 116 [33 Pac. (2d) 427].)

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.