[S. F. No. 1604. Department One.—January 29, 1901.]

FLINN & TREACY, Respondents, v. ELLEN M. MOWRY, Appellant.

CONTRACT FOR STREET WORK—SEPARATE INSTRUMENTS—PARTS OF ONE TRANSACTION — PAYMENT IN INSTALLMENTS. — Where a property owner signed an inchoate private contract for street work, which needed other signatures to obtain a permit therefor, and which fixed a price per yard for paving, to be paid upon completion of the work, and the contractor at the same time signed an instrument receipting for a difference in price agreed upon between them, and providing that a specified balance should be paid in fixed installments after the date of such completion, both of the instruments are to be taken together, as parts of one transaction, with the same effect as if they had been incorporated together, and the contractor is not entitled to demand payment for the completed work from such property owner except in the installments agreed upon.

ID.—ACTION UPON CONTRACT—MODIFICATION—PLEADING—AMENDMENTS—CONFORMITY TO PROOF.—Where the plaintiff in an action upon such contract pleaded the modification thereof by agreement with the defendant for payment in installments, and, after both parties had rested, amended the complaint by striking out the averment of modification, the defendant is entitled to avail himself of proof thereof, and to have the answer amended to conform to the proof.

CXXXI. Cal.—31

ID.—EFFECT OF FAILURE TO PAY INSTALLMENT DEMANDED—ABSENCE OF STIPULATION FOR MATURITY.—The failure of the defendant to pay an installment demanded could not have the effect to give a right of recovery for the whole of the contract price, in the absence of a stipulation in the agreement that the installments not due should become due upon such failure.

ID.— REPUDIATION OF EXECUTORY CONTRACT— REFUSAL OF PERFORMANCE—ACTION FOR BREACH—INAPPLICABLE RULE.—The rule applicable to the repudiation of contracts not fully performed on either side, upon the refusal of further performance by one party, and a right of action then accruing for damages for breach in favor of the other party, has no application to a contract for work fully performed on one side, which is to be paid for in installments by the other party; and notwithstanding a failure to pay any one of such installments, the contractor cannot treat the contract for payment by installments as repudiated or rescinded, and demand payment in full, contrary to the terms of the contract.

ID.—INSTALLMENTS NOT DUE—ERROR IN JUDGMENT.—Where only one of the installments agreed upon had matured at the commencement of the action, the court erred in deciding that the plaintiffs were entitled to judgment for the full amount of the contract price.

ID.—POWER OF COURT TO LIMIT NEW TRIAL—FINAL DECISION AS TO EXCLUDED MATTER—STATEMENT OF CASE.—The court may limit its order for a new trial to a portion of the issues, and where such order is not appealed from or modified, it becomes final as to matter excluded therefrom, and such matter may be properly included in the final judgment, and no evidence as to such excluded matter should be incorporated in a final statement of the case.

ID.—ADMITTED CLAIM OF LIEN FOR SIDEWALK—NEW TRIAL AS TO PAVING CONTRACT—AMENDED ANSWER.—Where a claim of lien for a bituminous sidewalk was not denied in the answer, and judgment was rendered therefor, and a new trial was granted, limited to the issues upon the paving contract, the filing of an amended answer denying the lien for the sidewalk can have no effect upon the new trial or upon the power of the court to include the lien in its final decision, and the evidence relating thereto need not be incorporated in the statement of the case.

ID.—PRIVATE CONTRACT FOR WORK ON STREET—PERMISSION OF SUPERVISORS.—The permission of the supervisors to do the work on a street by private contract is only required when the contract is for grading, and a contract for paving the street need not have such permission, and its absence does not render the work or the contract therefor illegal.

ID.—DISTURBING STREET—PERMISSION OF STREET SUPERINTENDENT—EVIDENCE.—The permission of the superintendent of streets was sufficient to justify the digging up and disturbing the street for the

purpose of paving the same, and the exclusion of evidence as to such digging and disturbance was immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

R. Percy Wright, for Appellant.

D. H. Whittemore, and J. C. Bates, for Respondents.

HARRISON, J.—The plaintiffs entered into a contract with the defendant to do certain work upon Laguna street, in San Francisco, in front of her property, and brought the present action to recover after its completion the amount agreed to be paid by her, and to have the same decreed a lien upon her property.    The court rendered its decision in favor of the plaintiffs, giving them a lien upon one parcel of the plaintiffs' land for a portion of their claim and a personal judgment against the defendant for the remainder.    A new trial was denied and the defendant has appealed.

Negotiations had been had between the parties with reference to paving the street, and a proposal therefor had been presented to the appellant on behalf of the plaintiffs, and a formal contract for that purpose, bearing date April 10th, was afterward prepared by them and submitted to her.    By the terms of this contract she was to pay twenty-four cents per square yard for paving, but in the proposal originally made to her the plaintiffs had offered to do the same at the rate of twenty cents per square yard.    Before the execution of this contract, viz., April 14th, the plaintiffs visited the appellant at her house, and while there the terms of the agreement were discussed— Mr. Alpers, who appears to have acted in behalf of the appellant and as her adviser, being also present—and at that interview an instrument was prepared by the plaintiff Flinn, which purported to be a receipt from the appellant for the difference between twenty-four cents per square yard, as named in the contract, and twenty cents therefor, as had been agreed upon between them, and which also contained the following:

"The balance ($1,305.59) thirteen hundred five and fifty-nine one-hundredths to be paid in installments of two hundred dollars per month, the first payment to become due four months from date of completion, and each subsequent payment to mature within thirty days next succeeding, all without interest." After this agreement had been signed by the plaintiffs the appellant expressed herself satisfied, and directed Mr. Alpers to sign the contract, which he thereupon did as follows: "E. M. Mowry, per C. Alpers." At this time only one property owner had signed the contract, and it being a private contract it was necessary that the owners of a majority of the frontage should sign it in order to obtain a permit for doing the work. The contract was therefore inchoate, and was left with Mr. Alpers, who afterward procured other property owners to sign it, and returned it to the plaintiffs. This evidence was sufficient to justify the court in finding that the defendant entered into the agreement with the plaintiffs set forth in the complaint.

1. The two instruments thus prepared and signed by the respective parties constituted the agreement between them in reference to the work to be done by the plaintiffs and the payment therefor by the defendant. They were parts of one transaction, related to the same matter, were signed at the same time, and are to be taken together, with the same effect as if the terms of both had been incorporated in one document and signed by both parties (Civ. Code, sec. 1642); and are to be construed, so far as practicable, as to give effect to every part of each instrument. (Civ. Code, sec. 1641.) The provision in the instrument first prepared, wherein the appellant agreed to make the payment "upon the completion of the work," and the provision in the instrument of April 14th, wherein the plaintiffs agreed that the payment should be made in monthly installments of two hundred dollars each, are easily reconciled by considering that this change in the time of payment was agreed upon after the instrument of April 10th had been prepared and submitted to the appellant. The instrument of April 14th being signed by the plaintiffs is, under section 1654 of the Civil Code, to be interpreted most strongly against them. Its terms are equivalent to an express agreement that the plaintiffs should

not be entitled to payment, and would not demand it except in monthly installments of two hundred dollars each.

That this was the understanding of the plaintiffs is shown by their complaint as originally filed, and upon which they presented their case to the court, wherein, after alleging as one of the terms of the instrument of April 10th, that each of the owners of property fronting on the street agreed to pay for the work "upon the completion thereof," they allege in paragraph 8: "That at the time of entering into said agreement it was further modified as to said defendant E. M. Mowry, so that the amount due from her thereunder should be paid as follows: two hundred dollars, to be paid sixty days after completion of said contract, and two hundred dollars each month thereafter until the amount due thereunder should be fully paid"; and also by the fact that after they had completed the work they demanded from the appellant only the first installment of two hundred dollars.

After both parties had rested the plaintiffs, by leave of the court, amended their complaint by striking out the above paragraph 8, but the defendant was not thereby precluded from availing herself of the modification therein alleged. Inasmuch as this modification was originally alleged in the complaint, there was no occasion for setting it up in her answer, and as it had been introduced in evidence, she had a right to avail herself of its provisions after the complaint was thus amended by amending her answer so that the allegations might conform to the proofs.

The contention of the respondents that the failure of the appellant to pay this installment when it was demanded gave them a right to a recovery of the whole amount of the contract price cannot be maintained. No stipulation of this nature is contained in the agreement, and such right did not arise from a mere failure of the appellant to make the payment. Certain cases have been cited by them in support of this contention wherein it has been held that in contracts for the sale or manufacture of goods to be delivered in installments and paid for at each delivery a failure on the part of the buyer to make a payment may be under such circumstances as will justify the seller to consider the contract as repudiated and to release him

from further performance. It is also the rule that where a continuing or executory contract has not been fully performed on either side, the repudiation of the contract by one party or his refusal of further performance will justify the other party in treating the contract as at an end, and give to him a right of action for damages for its breach. (See *Hale v. Trout*, 35 Cal. 228.) The rule in these cases has, however, no application to a contract for labor which has been fully performed on one side, and there remains only payment therefor. There can be no rescission or abandonment of a contract by a party who has fully performed his part of it. The obligation of the other party is measured by the terms of his agreement to the same extent as in any other contract. If this obligation is for the payment of money, and by his agreement such payment is to be made in installments, a failure to pay the first installment will no more give a right of action to recover them all than in the case of an ordinary promissory note which is made payable in periodical installments, and in which there is no provision for the maturity of the whole amount upon the failure to pay one of the installments. The agreement in the present case is specific and unambiguous that the defendant should make the payment for the work done by the plaintiffs in monthly installments of two hundred dollars each, and the finding of the court that the plaintiffs gave to the defendant "an option to pay the money due for said work in monthly installments of two hundred dollars" is not sustained by the evidence. Neither does the evidence sustain the further finding that "when said first installment became due defendant refused to pay any sum at all, and has ever since refused to pay anything for said work." The complaint merely alleges that she had not paid the sums due upon the contract. The only evidence tending to support any finding of nonpayment was that the plaintiffs had demanded payment of the first installment. The only objection that is shown to have been made by the defendant to the performance of her part of the contract was her claim that the plaintiffs had not done the work in accordance with the terms of their agreement. This is not the equivalent of a "refusal" to pay any sum at all. As only one of these installments had matured at the commencement of the present action, the

court erred in deciding that the plaintiffs were entitled to judgment for the full amount of the contract price.

2. In addition to the claim upon the contract for paving the street, the complaint set forth a claim for constructing a bituminous rock sidewalk on the street in front of a portion of the appellant's land. Defendant filed her answer January 16, 1895, but did not deny the allegations in reference to this sidewalk. The case was tried upon these pleadings April 13, 1896, at which time the court found in favor of the plaintiffs, and that they were entitled to a lien for the amount due for laying this sidewalk, amounting to two hundred and forty-one dollars, and also to a personal judgment against the appellant for the amount due upon the contract for paving the street. Upon motion of the defendant for a new trial the court set aside that portion of its decision upon the contract for paving, ordered a new trial as to the issue thereon, and denied the motion for a new trial in all other respects. Another trial was had upon this issue in November, 1897, and the court again made its decision thereon in favor of the plaintiffs. After both parties had rested at this trial the plaintiffs, by leave of the court, amended their complaint by striking out the above-named paragraph 8, and the defendant afterward filed an amended answer in which she denied that she had made any contract for laying the sidewalk. The findings herein recite the proceedings had upon the former trial, including the former decision in reference to the claim for laying the sidewalk. The appellant in her statement on motion for a new trial specified as one of the grounds for setting aside the decision that this finding in reference to the sidewalk is not sustained by the evidence.

It was not necessary that the evidence in reference to this claim should be incorporated in the statement. No issue thereon was presented by the answer on which the cause had been originally tried, and the decision made thereon became a part of the records of the court which it could adopt and include in its final decision. The order for a new trial excluded this portion of its decision from any further consideration, and by failing to appeal therefrom or otherwise to seek to have the order modified, it became final as to the defendant, and was

not affected by her afterward filing an answer in which the allegation was denied. The right of the court to limit its order for a new trial to a portion of the issues in the case is well established. (*Duff v. Duff*, 101 Cal. 1.)

3. It is urged by the appellant that the court erred in excluding certain questions tending to show that the street was closed by the plaintiffs while performing their work thereon, and that in the performance of their contract they dug up and disturbed the street. These questions are claimed to have been proper for the purpose of showing that inasmuch as the plaintiffs did not obtain permission from the board of supervisors to do the work, the contract, therefore, was illegal and could not be the basis of a recovery. *San Francisco v. Buckman*, 111 Cal. 25, is relied upon in support of this contention. That case, however, was decided upon the provision in subdivision 10 of section 7 of the street improvement act, which declares that the owners of land may perform the "grading" upon the street in front of their property "after obtaining permission from the council to do so." The contract in the present case is for other work than grading, and this provision of the section has no application. A contract is not to be held unlawful unless it is either contrary to some express provision of the law or to its policy. (Civ. Code, sec. 1667.) This restriction on property owners from doing work upon the street in front of their property is limited to grading, and the provision in a subsequent portion of the section that "whenever any owner or owners of any lots or lands fronting on any street shall have heretofore done or shall hereafter do any work (except grading) on such street in front of any block at his or their expense," the work so done shall be excepted from any order for improving the street, implies the right of the owner to do such work and to contract therefor without obtaining such permission. Under their general supervision of the streets of the city the board of supervisors have adopted an ordinance forbidding anyone from digging up or disturbing a street without the permission of the superintendent of streets; but as permission from the superintendent was obtained in the present case, the questions which were excluded by the court were immaterial.

Garoutte, J., and Van Dyke, J., concurred.

THE COURT.—That portion of the judgment decreeing a lien against the lands of the defendant in the sum of two hundred and thirty-eight dollars and seventy-six cents and directing a sale of said lands in satisfaction thereof is affirmed. The judgment against the defendant for the sum of eleven hundred and forty-six dollars, with interest thereon, for the paving and curbing of Laguna street is reversed, and a new trial is ordered of the issues upon which the said personal judgment was given. The order denying a new trial, so far as it applies to the issues upon which the judgment was rendered for laying the sidewalk and decreeing a lien therefor, is affirmed.