[Civ. No. 3146.  First Appellate District, Division Two.—December 31, 1919.]

## UNION TRUST & SAVINGS BANK OF PASADENA, Executor, etc., Respondent, v. A. T. ISHKANIAN, Appellant.

[1] TRUSTS—CONVEYANCE OF REAL PROPERTY—FAILURE TO STATE PURPOSE.—A deed which attempts to convey certain real property to a named person "as treasurer" of a given organization, "or his successor," without designating any purpose to which the property should be put, while clearly indicating the intention of the grantor to create a trust in favor of such organization, does not conform with the requirements of the code relating to the creation of trusts in real property.

[2] ID.—LANGUAGE OF DEED—ACCEPTANCE OF SUBSEQUENT CONVEYANCE—NOTICE.—The language of such a deed is in itself sufficient to put a prudent man upon inquiry as to whether it was an absolute grant to the named person or a conveyance in trust for the uses and purposes of the organization referred to therein; therefore, one who accepts a deed to the property from the person named as grantee in cancellation of an indebtedness due from the organization referred to therein cannot be said to be an innocent purchaser.

[3] ID.—INTENTIONS OF PARTIES — PAROL EVIDENCE — WHEN ADMISSIBLE.—Where parol evidence is offered to explain the intentions of the parties as to whether a conveyance was a deed absolute or in trust, it is admissible unless such evidence would prejudice a third party who, in good faith and without notice, has become a purchaser.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould for Appellant.

Parker & Parker for Respondent.

NOURSE, J.—The executor of the estate of Rebecca Pentz commenced this action to quiet title to certain real property situate in the county of Los Angeles. The controversy over the title arose from the fact that about two years prior to her death the deceased executed and delivered a deed purporting to convey the property to H. P. Faris, ''as treasurer of the Prohibition National Committee, or his successor.'' The defendant purchased the property for a valuable consideration from Faris. On the trial it was shown that the deceased executed the deed for the express purpose of aiding the Prohibition National Committee in its work of destroying the liquor traffic, reserving to herself merely a life interest in the property sought to be conveyed. This intention she announced to the attorney who prepared the deed and to one other who was interested in the same movement and who testified at the trial. The defendant was informed of all of these facts prior to the execution of the deed to him by Faris. Judgment was had in favor of the plaintiff as executor of the estate, and from the judgment defendant prosecutes this appeal.

Several points are listed by appellant in his brief as grounds for reversal, but there are only two questions which require consideration. First, whether the deed is void because it indicates the intention to create a trust in real property without complying with the requirements of the laws of this state in that respect; and, second, whether parol evidence tending to explain the intentions of the parties and to clear the ambiguities appearing on the face of the deed was admissible.

[1] The deed attempts to convey the property to H. P. Faris, as treasurer of the Prohibition National Committee, or his successor, without designating any purpose to which the property should be put. The fact that the grant is in

the alternative to the successor of H. P. Faris, as treasurer of the Prohibition National Committee, clearly indicates the intention of the grantor to create a trust in favor of the Prohibition National Committee. If such was the intention of the grantor, there can be no doubt that the deed does not conform with the requirements of the code relating to the creation of trusts in real property. Section 857 of the Civil Code specifies five different purposes for which express trusts may be created. It is not necessary to enumerate these, but it is sufficient to say that this deed does not meet any of them. Section 852 of the same code provides that a trust in relation to real property must be in writing unless created or declared by operation of law. Section 2221 of the same code provides that "a voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor, indicating with reasonable certainty: 1. An intention on the part of the trustor to create a trust; and, 2. The subject, purpose, and beneficiary of the trust." Section 2253 of the same code provides that "the nature, extent, and object of a trust are expressed in the declaration of trust." In Pomeroy's Equity Jurisprudence (fourth edition), section 1009, it is said: "The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the subject matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interests which they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail." This principle is supported in *Wittfield* v. *Forster*, 124 Cal. 418, [57 Pac. 219], where, in a case closely paralleling the present action, the court held that the trust was void because of the failure of the trustor to declare with reasonable certainty the duration of the estate, the nature and quantity of the interest which the beneficiaries were to have, and the purposes for which the trust was to be performed. To the same effect is *Estate of Budd*, 166 Cal. 286, 291, [135 Pac. 1131].

[2] The facts appearing at the trial as to the purchase of the property by appellant are that he was a creditor of the Prohibition National Committee for personal services

rendered by him to that committee, and that he accepted the deed to the property in cancellation of that indebtedness. Before he accepted the deed he was informed that the conveyance had been made to Faris for the uses and purposes of the Prohibition National Committee, but made no investigation as to the validity of the deed. The language of the deed was in itself sufficient to put a prudent man upon inquiry as to whether it was an absolute grant to Faris, subject only to the life estate retained by the grantor, or whether it was a conveyance in trust for the uses and purposes of the Prohibition National Committee. He cannot, therefore, be said to be an innocent purchaser.

[3] Where parol evidence is offered to explain the intentions of the parties as to whether the conveyance was a deed absolute or in trust, it is admissible unless such evidence would prejudice a third party who, in good faith and without notice, has become a purchaser. As to the admissibility of such evidence in general, the supreme court in *Parks* v. *Parks,* 179 Cal. 472, [177 Pac. 455], say: ''The general rule is that the real nature of the transaction concerning property conveyed, the true intent and purpose moving parties in taking a conveyance to property in their joint names, or in that of one of them, can be investigated and determined unless where in good faith interests of third parties have intervened and would be injuriously affected. It may be shown that the taking of a conveyance in the name of the grantee, or one of them, was a mistake, or that it was a matter merely of convenience, or as security for a loan, or was taken under such circumstances as created a resulting trust or trust of some other character.'' To the same effect is *Taylor* v. *Morris,* 163 Cal. 717, 722, [127 Pac. 66].

Here the language in the deed clearly indicated an intention to create some sort of a trust rather than to make an absolute conveyance. And as the appellant was not an innocent purchaser, he cannot complain of the admission of the evidence explaining the intentions of the parties in this respect.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1920.

All the Justices concurred.