[Civ. No. 4294. First Appellate District, Division Two.—August 9, 1922.]

FRANC C. BRITTENBAKER, as Administratrix, etc., Appellant, v. F. L. BUCK et al., as Trustees, etc., Respondents.

[1] DEEDS—CONVEYANCE TO "TRUSTEES" FOR UNINCORPORATED ASSOCIATION—TRUSTS—ESTATES.—Where the constitution and by-laws of an unincorporated religious association, which has not the legal capacity to take title to property, provide that the board of trustees shall hold all church property, a deed of real property executed without consideration to the persons constituting the board of trustees of said association, as "trustees" for said association, and to "their successors in office" duly appointed according to the discipline of said association, does not create an express or voluntary trust in favor of said association, but such conveyance passes the title to the property in perpetuity.

APPEAL from a judgment of the Superior Court of Monterey County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

E. G. Ryker, S. W. Mack and C. L. Lacey for Appellant.

Wyckoff and Gardner for Respondents.

LANGDON, P. J.—This appeal is by the plaintiff from a judgment against her as administratrix of the estate of Anna Salyer, deceased, and in favor of the defendants, as trustees for the First Methodist Episcopal Church of Pacific Grove, California.

The complaint alleges that on January 30, 1918, plaintiff's intestate was the owner of certain real property in the city of Pacific Grove, Monterey County, California, which property is specifically described in the complaint; that on said date said Anna Salyer executed a deed of said property to the defendants. Said Anna Salyer died on the eighteenth day of November, 1919; plaintiff was duly appointed administratrix of her estate. Subsequently this action was brought by plaintiff and was framed in three counts. The first count was based upon the alleged mental incompetency of plaintiff's intestate at the time of the execution of the deed in question. The second count was based upon the ground of alleged undue influence, and plaintiff prayed that the deed be declared null and void. The third count is in the form of a suit to quiet title and proceeds upon the theory that because of the form of the deed no title was conveyed to the grantees.

Upon appeal, none of the evidence introduced in the trial court in support of the first two counts is before us, and appellant states that she has abandoned her position in relation thereto. This leaves for our consideration only the question of the sufficiency of the deed in question to convey title to the defendants.

It was stipulated that the deed was executed without consideration. It reads as follows:

"This indenture, made the 30th day of January, A. D. 1918, by and between Anna Salyer, of the City of Pacific Grove, County of Monterey, State of California, grantor, and F. L. Buck, C. L. Moyes, J. K. Paul, J. T. Elliott, J. H. Williams, James Harper, H. G. Jorgensen, J. O. Leek and E. B. DeForrest, as trustees for the First Methodist Episcopal Church of Pacific Grove, California, an association, grantees:

"Witnesseth: That the said Anna Salyer does hereby give, grant and convey unto F. L. Buck, C. J. Moyes, J. K. Paul, J. T. Elliott, J. J. Williams, James Harper, H. G. Jorgensen, J. O. Leek and E. B. DeForrest, as trustees for the First Methodist Episcopal Church of Pacific Grove, California, an association, and their successors in office duly appointed according to the discipline of the Methodist Episcopal Church, forever, subject to the exceptions and reservations hereinafter mentioned, all that lot, piece or parcel of

land situate, lying and being in the City of Pacific Grove, county of Monterey, State of California, and particularly described as follows, to wit'': (Here follows a description of the land and certain reservations in favor of the grantor personally, which are not material to our present inquiry.)

Appellant's contention is that by this deed the grantor attempted to create a voluntary trust in favor of the First Methodist Church, but that said trust fails because the instrument does not indicate with reasonable certainty the purpose of the trust (sec. 2221, Civ. Code), and that the title to the property remains in the heirs of the grantor.

Reliance is placed upon the case of *Union Trust & Savings Bank of Pasadena* v. *Ishkanian,* 45 Cal. App. 347 [187 Pac. 757]. In that case the property in question was granted to ''H. P. Faris, as Treasurer of the Prohibition National Committee, or his successor,'' and it was held that the deed clearly indicated an intention on the part of the grantor to create a trust in favor of the Prohibition National Committee. It was held on appeal that parol evidence was properly received to explain the intentions of the parties as to whether the conveyance was a deed absolute or in trust. It did not appear that the treasurer of the Prohibition National Committee was the person chosen by said committee to hold the legal title to its property.

[1] In the present case, we must conclude, in support of the judgment, that the trial court concluded that it was not the intention of the grantor in the deed to create a trust thereby. We have not before us all the evidence offered on that subject in the trial court. However, the deed itself was offered in evidence and is in the record presented to us, as is also the testimony of H. G. Jorgensen, one of the defendants herein, that the First Methodist Episcopal Church of Pacific Grove is an unincorporated religious association; that said Jorgensen and the other defendants herein constitute the board of trustees of that association and did constitute such board at the time the deed in question was executed. He identified a book containing the constitution and laws of the Methodist Episcopal Church, which volume was offered in evidence and contains provisions relative to the election of trustees to hold the church property, their qualifications, etc. It is further provided that ''The

board or boards of trustees in any charge shall hold all
church property, using so much of the proceeds as may be
needful to pay debts or to make repairs and shall be amen-
able to the quarterly conference. They shall invest all trust
funds coming under their control in conformity with the
laws of the state and shall deposit trust funds in savings
banks or invest them only in securities which are lawful
for savings banks." There are additional provisions re-
garding the management and control of church property,
title to which is vested in the trustees.

In the light of these facts, and apart from any other
evidence upon the subject which may have been before
the trial court, we think that court was warranted in con-
cluding that there was no intention on the part of the
grantor to create an express trust. It seems clear that she
intended to give the property to the Methodist Episcopal
Church. That institution was unincorporated and had not
the legal capacity to take title to the property. It was
necessary, therefore, that legal title be given to its board of
trustees. If the property in question had been purchased by
the church for a valuable consideration, free from all limi-
tations or trusts, the deed, necessarily, would have been
made in the same manner. A valid grant may be made to
trustees for an unincorporated society and such title will
pass in perpetuity. (*Ruddick* v. *Albertson,* 154 Cal. 640,
644 [98 Pac. 1045].) The designation of the grantees in
the deed as "trustees" was for the purpose of identifying
the body of individuals that was to take title to the prop-
erty and not for the purpose of creating a trust. That
question was discussed in the case of *Clark* v. *Brown* (Tex.
Civ.), 108 S. W. 421, 431, 433, where it was said: "In the
case before us the property was sold and conveyed to certain
named trustees for the use and benefit of the Cumberland
Presbyterian Church at Jefferson. ° The designation of the
beneficiaries by the terms employed was for the purpose of
identifying the body of individuals or organization that was
to take, and not as indicating a purpose of the grantors
to dedicate it to any particular form of religious worship.
The congregation for whose benefit the conveyances were
made took the property unencumbered by any conditions or
trusts so far as the grantors were concerned. The only
conditions imposed grew out of the relations of the bene-

ficiaries among themselves and such as were implied in their compact of association. . . . Members of voluntary unincorporated associations can hold property in no other way than through the medium of trustees, acting as depositaries of the legal title, and this equitable interest entitles each beneficiary to the same voice in the management and control of the property as if he were a joint owner and holder of the legal title.''

In view of our conclusion that the conveyance in question does not create an express or voluntary trust, it becomes unnecessary for us to discuss the question raised in the briefs relative to the degree of certainty necessary in prescribing the terms of express trusts for charitable and other purposes.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.