[Civ. No. 6279. First Appellate District, Division One.—June 1, 1928.]

ALDEN C. WILSON, Respondent, v. CHARLES H. COFFEY, Appellant.

Page, Nolan, Rohe & Freston and Ralph E. Lewis for Appellant.

Newby & Palmer and Nathan Newby, Jr., for Respondent.

CAMPBELL, J., *pro tem.*—The appellant has appealed from a judgment rendered following an order granting a

motion made by respondent under section 633 of the Code of Civil Procedure, whereby the original judgment was vacated and a different judgment entered. The action is for specific performance of a contract to purchase land; the appellant being the vendee and the respondent the vendor thereof. In the original judgment specific performance of the contract was denied; the respondent was denied damages, and a fund of $5,000, which had been deposited with the clerk of the court, was ordered to be handed back to appellant. The latter judgment entered does not mention specific performance or damages but awards to plaintiff judgment and directs the clerk of the court, into whose hands the $5,000 had been paid, to deliver the same to plaintiff (respondent herein). It is this latter judgment from which the appeal is taken, and it is the deposition of this $5,000 which is mainly involved in the question before the court.

Appellant's ground of appeal are: "1. That the evidence is insufficient and in fact there is no evidence to support the finding of the court designated as conclusion of law number 1 as amended to the effect that plaintiff was at all times ready and able to comply with the terms of the contract, but that on the contrary the evidence and the findings of fact show that said conclusion of law is erroneous and that the proper conclusion should be that plaintiff was not able and ready to comply with the terms of his contract, but that he was at all times unable to deliver good title to the land in question and that his title was incurably defective. 2. That the evidence and findings of fact do not support the conclusions of law designated I, III, V and VI under which the court finds that the plaintiff was ready and willing to perform his part of the contract and directs that plaintiff have judgment for the sum of $5,000.00 but that on the contrary said findings and evidence justify only the conclusion that plaintiff was not entitled to any judgment whatsoever, and that said $5,000.00 should have been refunded to the appellant herein."

The case resolves itself into an interpretation of the escrow instructions—the contract of the parties. On October 5, 1923, the vendor and vendee in the contemplated sale and purchase of the property in question delivered to Title Insurance & Trust Company separate escrow instructions.

The escrow instructions of the vendor in so far as they affect the question here presented are: "I will hand you a deed executed by Alden C. Wilson and Florence A. Wilson, husband and wife, to Charles H. Coffey and Dorothea F. Coffey, husband and wife (description of land), which you are authorized to deliver to grantees, or their representatives upon payment to you by 11/5/23 days from date hereof for account of the parties executing said interest the sum of .... dollars 15000.00 payable by check of the Title Insurance & Trust Company from which you may deduct your escrow charges, 30.00, and your 2 New or Cont. Guarantee with your liability thereunder not to exceed W ½ of sec. 25000.00, S. E. ¼ of section 10000.00 as charged and from which you may also pay all incumbrances on said property except all taxes for 1923-24 . . . As a part of the consideration for said deed, you will also procure note executed by Charles H. Coffey and Dorathea F. Coffey, husband and wife, in favor of Alden C. Wilson and Florence A. Wilson, husband and wife, as J. T. for $20000.00 due on or before 3 yrs. after 11/1/23 with int at 7% per annum payable semi-annually at Los Angeles, Calif, secured by mortgage your form on said premises which by your guarantee shall show subject only to taxes for the fiscal year 1923 1924. . . . (Please take note that the guarantee issued in connection herewith will contain the following provision: 'This guarantee does not include examination of, or report on, action by any governmental or public agency for the purpose of regulating, restricting or controlling the occupancy or use of the land herein described, or any building thereon.') "

The escrow instructions of the vendee to the title company in so far as they affect the question presented are: "I hand you herewith a check for $5000.00 and will hand you 10,000.00 additional together with funds sufficient to cover my portion of your charges. I will also hand you a note and mortgage for 20,000.00 as set out below, all of which you are authorized to use in connection with your order No 705303 when you can issue in your usual form, your 2 new or cont. guarantee T. G. & T. Co. of L. A. with your liability thereunder not to exceed W ½ $25,000.00 S. E. ¼ 10,000.00 additional together with funds sufficient to cover to said property vested in Charles H. Coffey and Dorathea

H. Coffey, husband and wife as joint tenants free from incumbrances except all taxes for the fiscal year 1923 and 1924. (Please take notice that the guarantee issued in connection herewith will contain the following provision: 'This guarantee does not include examination of, or report on, action by any governmental or public agency for the purpose of regulating, restricting or controlling the occupancy or use of the land herein described or any building thereon.') "

Appellant contends that the existence of an encumbrance which cannot be removed is a default by the vendor under a contract to deliver a good title; that if the contract fails through default of the vendor, the vendee is entitled to recover back any deposit made upon the purchase price, and that a reservation to the United States government of a right to construct canals and ditches upon the land is such an encumbrance as constitutes a default by the vendor under a contract to deliver a good title. The reservation in the patents which appellant claims is such an encumbrance as to prevent the vendor from transferring a good title is the following, which appears in each patent: "And there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by the authority of the United States." We do not question the principle announced in the authorities cited that the existence of an encumbrance which cannot be removed would prevent the delivery of a good title, but here a different aspect is presented. It is apparent from a reading of the escrow instructions that the title the vendor contracted to deliver and which the vendee contracted to receive was an insurance by the Title Insurance & Trust Company, insuring one of the tracts described for $25,000 and the other for $10,000, and showing the record title vested in Charles H. Coffey and Dorothea F. Coffey as joint tenants free from encumbrances, excepting taxes for the fiscal year 1923 and 1924, and qualified further by the following paragraph which appears in the escrow instructions signed by the vendor and the vendee, "that the guarantee does not include examination of, report on, action by, any governmental or public agency for the purpose of regulating, restricting or controlling the occupancy or use of the land herein described or any building thereon. It is understood that the guaran-

tee to be issued will be in your usual form, containing in addition to the above the printed exceptions usual in such guarantees.''

Appellant contends that respondent must prove that the reservations in the patent under which respondent holds title are not encumbrances, and assumes the very fact in issue, i. e., the nature of the title contracted by the parties to be bought and sold, whereas the type and character of the title is determined by the escrow instructions which under the law constitute the contract of the parties (*Tusco* v. *Green,* 194 Cal. 574 [229 Pac. 327]; *Frost* v. *Alward,* 176 Cal. 691 [169 Pac. 379]; *Flinn & Treacy* v. *Mowry,* 131 Cal. 481 [63 Pac. 724, 1006]).

It is clear that appellant contracted to purchase the land of respondent, if the Title Insurance & Trust Company would issue an insurance certificate insuring the title to be in the names of the grantees of the deed upon its being recorded, subject only to the encumbrance of the lien for taxes for the fiscal year of 1923–1924, as shown by the records of Los Angeles County, which respondent could produce, and that he waived as to good title any reservation by the government of regulating or controlling the occupancy or use of the land or any building thereon. To hold otherwise, a construction would have to be placed upon the contract without reference to what the parties intended and would entail a forfeiture of the contract, and besides would be giving effect to only a part of the agreement. ''The whole contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other'' (Civ. Code, sec. 1641). ■ The purpose of construction is to ascertain the intent of the parties, and when this intent is ascertained it must take precedence over the literal sense of terms. Conflicting parts should be reconciled if possible to ascertain what the parties intended at the time the agreement was entered into (*Retsloff* v. *Smith,* 79 Cal. App. 443 [249 Pac. 886]) and make it capable of being carried into effect, if it can be done without violating the intention of the parties (Civ. Code, sec. 1643). Appellant had actual notice of the contents of the contract he signed, but even if he did not, in any event he had constructive notice when he signed the escrow instructions, which provided that the guarantee of title by the title company,

upon which guarantee the transfer of title entirely depended, expressly excepted from the title it was to guarantee exceptions and rights reserved by the government. ■ A person is presumed to have knowledge of the contents of an instrument executed by him or in his possession (*McCreery* v. *Charlton,* 185 Cal. 37 [195 Pac. 670]), and with the facts concerning which the recitals in the instrument would put a prudent man upon inquiry (*Union Trust etc. Bank* v. *Ishkanian,* 45 Cal. App. 347 [187 Pac. 757]). ■ The word "encumbrances" appearing in the contract must be taken to mean those encumbrances which, as the parties specified, they had in mind. It must be taken that when the parties said in their contract that the title was to be free of encumbrances they meant to exclude as an encumbrance the right of way for water, ditches, and canals contained in the patents (*Retsloff* v. *Smith, supra*).

■ As to appellant's complaint that in the present judgment there is no mention of specific performance of the contract while in the former judgment there was, it may be said that the prayer for specific performance is irrelevant to the point at issue—the deposition of the $5,000. In *Tusco* v. *Green, supra,* the vendor and vendee of realty had given written instructions to an escrow-holder concerning the transfer of certain realty. These instructions matched one anoher as to subject matter of the sale, parties, and terms. Each one was signed only by the party making it, as in the present case. The buyer defaulted, having previously made a deposit of $1,000. The court held that the separately executed writings formed a contract for the transfer of the land, and that therefore on the default of the buyer the seller was entitled to the amount deposited by the buyer. (See, also, *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

It is true that *Cosby* v. *Danziger,* 38 Cal. App. 204 [175 Pac. 809], cited by appellant, holds that where the vendor agreed to give the vendee an abstract of title showing the title to the premises free and clear of any and all encumbrances, he would not be fulfilling his contract in the absence of information charging the vendee with notice, in tendering a title in which the patent from the government contained the reservation: "And there is reserved from the lands hereby granted a right of way thereon for ditches or canals

constructed by authority of the United States.'' Here, however, the vendee not only had notice, but the escrow instructions signed by him, which in his contract specially provided that the guarantee of good title to be issued by the Title Insurance & Trust Company and upon the issuance of which the transfer was to be completed, would not include "examination of, or report on, action by any governmental or public agency for the purpose of regulating, restricting or controlling the occupancy or use of the land herein described, or any building thereon.''

Appellant contends that the money was held by the escrow-holder either as the agent of both parties or as the agent of or trustee for appellant and that in either event the fund is not such a fund as is contemplated under the general rule holding that the vendor is entitled to retain money paid upon the purchase price, and cites us to *Shreeve* v. *Pearson*, 194 Cal. 699 [230 Pac. 448], in which the court says: "It is conceded to be the correct rule of law that when moneys or other articles are by the agreement of parties to a transaction delivered to an escrow-holder to be held by him in that capacity and to be distributed by him to the respective parties or to other persons upon the performance of the terms of the escrow he is, prior to the performance of the conditions of the escrow, the agent of both parties thereto (*Cannon* v. *Handley*, 72 Cal. 133 [13 Pac. 315]; *McDonald* v. *Huff*, 77 Cal. 279 [19 Pac. 499]), and that it is equally sound law that whenever the conditions attending the escrow have been so far performed that the transaction which has called the escrow into existence becomes complete, the nature of this dual agency changes to an agency not for both, but to each of the parties to said transaction in respect to those things placed in escrow to which each thus becomes completely entitled.''

If the transaction had not been completed as contended for by appellant, the case cited would be authority that the Title Insurance & Trust Company was the agent of both parties, but under the view we have taken that the offer to deliver the certificate or guarantee of title containing the reservations mentioned completed the escrow, the title company then became the agent of each party.

Appellant's objections that the evidence is insufficient to support the finding to the effect that plaintiff was ready and

able to comply with the terms of the contract and that the evidence and findings of fact show that such conclusion of law is erroneous in our opinion are not well taken. Appellant quotes from the record the following finding, which he urges is supported by the evidence and which he contends renders the judgment erroneous: ''The plaintiff was, at said time and on said date, willing to furnish the certificate of title showing good title, as required by the provisions of said escrow instructions, and at said time, and ever since said time, has been and now is willing to perform all of the terms of the contract on his part to be performed, but he was not, either on the 5th day of October, 1923, or at any time since then, nor is he now, ready or able to furnish said certificate of title or ready or able to perform all of the terms of said contract on his part to be performed, in this—that there existed on the 5th day of October, 1923, and at all times since that date, and do now exist, certain encumbrances against said land, which said encumbrances consist in reservations from the said land in favor of the United States of America, and reserved by the terms of the patents by which said land was conveyed to plaintiff's predecessors in interest, of rights of way thereon for all ditches or canals constructed by the authority of the United States, and which said reservations were not and could not by the plaintiff have been removed.''

Appellant in his brief submits the following as the controlling issue on this appeal: ''The evidence at the trial is all in support of this finding of fact. The original patents issued to plaintiff's predecessors in interest were introduced in evidence and appear in the transcript (pages and folios). These two patents both contain the following reservations: 'And there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by the authority of the United States.' There is in the evidence or findings not a particle of proof, nor was it even contended that the above mentioned reservations have been removed by the plaintiff. In the nature of things, such a reservation could not be removed, and it is so stated by the court in its findings of fact hereinbefore mentioned. In its essence the determination of this question rests upon the legal interpretation put upon this evidence. If that reservation of the United States Government constitutes an encumbrance, then

conclusion of law No. 1 is erroneous. If said reservation is not such an encumbrance the appellant herein is wrong, and the conclusion of law and the judgment rendered are correct.''

Conclusion of Law No. 1, which appellant concedes to be correct, if upon the legal interpretation put upon the escrow instructions or contract it be determined that the reservation by the government in the patents is not an encumbrance such as the terms of the contract required to be removed, is: ''That the plaintiff was, on October 5th, 1923, and at all times thereafter until the filing of complaint herein, ready, able and willing to comply with the terms of the contract hereinbefore set forth.'' As we have said, the escrow instructions signed by appellant specifically excepted from the title to be guaranteed reservations by the government, and therefore such reservation was not at the time of entering into the contract by the parties contemplated to be an encumbrance of such a character as would void the contract.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.