[Civ. No. 7998. First Appellate District, Division Two.—September 16, 1931.]

ALDEN C. WILSON, Appellant, v. CHARLES H. COF-FEY, Respondent.

636

Newby & Newby and Dee Holder for Appellant.

Rohe, Dottenheim & Weikert, Freston, Mulroney, Nilsson & Files and Ralph E. Lewis for Respondent.

STURTEVANT, J.—On October 5, 1923, the plaintiff entered into a contract with the defendant Coffey to sell him certain land located in Los Angeles County at an agreed price of $35,000. By the terms of the contract $15,000 was to be paid in cash upon delivery of a grant deed together with a certificate showing good title and the balance of the purchase price was to be secured by defendant by executing a second mortgage upon the land. It was agreed that plaintiff and defendant would enter into an escrow for the execution of said agreement and that they would make the Title Insurance and Trust Company their escrow-holder for the purpose of carrying out the terms of their contract. It was further agreed that plaintiff would deposit with said title company a deed conveying said lands to the defendant and that said defendant would deposit with said company at once the sum of $5,000.

Accordingly the defendant on the fifth day of October, 1923, paid to and deposited with said title company the sum of $5,000 as payment to plaintiff upon the purchase price of said property. At about the same time plaintiff deposited with said title company for said defendant a deed duly executed in full compliance with the terms of said contract and said escrow instructions and was ready, able, and willing to furnish the necessary certificate of title.

Thereafter a controversy arose between the parties and the plaintiff commenced an action in the Superior Court of Los Angeles County to require the defendant to perform his contract and to cause said title company to pay to him the said $5,000 deposited with it by said defendant. The title company was joined in said action as a defendant and filed an answer. The defendant Coffey also filed an answer. When the action came on for trial the parties entered into a stipulation as follows: "It is hereby stipulated in open court by all parties to this action through their respective counsel that the defendant and cross-complainant, Title Insurance and Trust Company, deposit in court the funds, to-wit the sum of $5,000 and a deed running from Alden C. Wilson and wife to Charles H. Coffey and wife in connection with escrow transaction No. 705303 of the Title Insurance and Trust Company, said transaction being between the plaintiff Alden C. Wilson and the defendant Charles H. Coffey and that upon certain deposits being made this court may make an order dismissing this defendant and cross-complainant, the Title Insurance and Trust Company, from this action and discharging this defendant and cross-complainant, the Title Insurance and Trust Company, from liability to each of the conflicting claimants, Alden C. Wilson and Charles H. Coffey, said deposit to be subject to the order of the court."

In accordance with said stipulation the said title company did deposit the said money in court and the court made its order dismissing said action as to the title company.

The action was then tried as between the plaintiff and the defendant and after the trial judgment was ordered for the defendant and the defendant's attorneys were directed to prepare findings and judgment. They did so and served those papers on the attorneys for the plaintiff. The attorneys for the plaintiff proposed amendments to the find-

ings and a hearing was had thereon and after such hearing the court took the matter of the amendments to said findings under advisement.

On April 8, 1925, the findings were signed and the judgment was entered. Among other things said judgment decreed: "That the defendant Charles H. Coffey is entitled to receive and that he does receive of and from the clerk of this court who is hereby directed to pay said sum over to him upon the entry of this judgment the sum of $5,000 which said sum was deposited with the said clerk of this court on January 28, 1925, by the defendant Title Insurance and Trust Company . . . " On the morning of April 9, 1925, the attorneys for the defendant obtained a withdrawal of the deposit. A little later on the same day the attorneys for the plaintiff called on the trial judge and applied for a stay. The judge stated that he was willing to grant the stay, but that he believed it was too late and advised the plaintiff's attorneys to examine the record and see if the $5,000 on deposit had not already been withdrawn. On making that examination the plaintiff's attorneys learned that the deposit had been withdrawn. On April 30, 1925, the plaintiff filed his motion to vacate and set aside the judgment and to have a judgment entered in favor of himself. On September 28, 1925, the motion was granted and a judgment was entered in favor of the plaintiff. Among other things said judgment decreed "1. That the plaintiff have judgment against the defendant Charles H. Coffey for the sum of $5,000; 2. That the plaintiff Alden C. Wilson is entitled to receive of and from the clerk of this court the sum of $5,000 which said sum was deposited with the clerk of this court on January 28, 1925, by the defendant Title Insurance and Trust Company . . . " From that judgment the defendant took an appeal, which was affirmed. (*Wilson* v. *Coffey*, 92 Cal. App. 343 [268 Pac. 408].) On the ninth day of October, 1928, the plaintiff served and filed a notice of motion for an order directing the defendant and his attorneys to restore the deposit of $5,000 together "with interest at seven per cent from the 9th day of April, 1925, . . . and to show cause why they should not be punished for contempt for failure to do so". The motion was made on the following grounds: "I. The deposit of $5,000 was deposited in court by a stakeholder to abide

the final decision of the court as to ownership of the same and could not be withdrawn until the question of ownership was finally adjudicated. II. Judgment did not become final until the disposition of the appeal and hence the defendant and his attorneys wrongfully withdrew the fund . . ." Thereafter the motion came on for hearing and both plaintiff and defendant introduced evidence consisting of court records and affidavits. Thereafter the court made its order denying the motion. From that order the plaintiff has appealed.

█ The plaintiff contends that the result of the final adjudication in the case was to establish the fact that the $5,000 deposit belonged to the plaintiff from the date of the deposit of his deed in escrow. The defendant does not seriously controvert that contention and we pass on.

In his second point the plaintiff claims that when a court erroneously determines that a deposit belongs to one party and then corrects that error and vacates its erroneous judgment it has the power to order a return to it of the fund obtained through its erroneous order. In reply to that contention the defendant admits the soundness of the claim as a general proposition, but claims there are exceptions to the rule which we will presently note.

█ The third point made by the plaintiff is that the attorneys for the defendant should have been ordered by the lower court to see that the deposit was returned. In support of that point he contends that the deposit having been made in court upon the stipulation and notice to both parties, the deposit should have been withdrawn only in the same manner. That contention is not sound. It was deposited subject to the order of the court. The judgment in the pending action was the "order" of the court. It was not irregular in form. In this same connection the plaintiff asserts that the defendant was insolvent at the time the $5,000 was drawn out by him. That fact would seem to be immaterial in this case. If the first judgment rendered by the court had been altogether correct we know of no reason why the court should have hesitated about making an order for the payment of the fund even though the defendant was insolvent. █ In this same connection the plaintiff claims fraud was practiced. The first judgment was entered April 8, 1925. No stay of execution was en-

tered. It took effect as of that date. (34 C. J. 70 and 508.) On the following day Mr. Murphy, one of the attorneys for the defendant, executed an affidavit ". . . that the sum of $5,000 is justly due to Charles H. Coffey from the treasurer of the County of Los Angeles and demand therefor is hereby made". He presented that affidavit to the presiding judge and the presiding judge issued an order on the auditor to draw his warrant. The auditor did so, and the warrant was paid. These facts did not constitute a fraudulent transaction. The plaintiff's trouble arose by reason of his omission to have a stay of execution ordered by the trial judge. In making his affidavit we assume that Mr. Murphy was attempting to comply with Code of Civil Procedure, section 188. However, the $5,000 was deposited under the provisions of sections 572–574 of the Code of Civil Procedure. After it had been paid to the clerk it became the duty of that officer to ". . . deposit it with the county treasurer to be held by him subject to the order of the court". (Code Civ. Proc., sec. 573.) Thereafter when the court rendered its judgment said judgment should have been executed as provided in section 684 of the Code of Civil Procedure. That section provides: ". . . When the judgment requires the performance of any other act than as above designated, a certified copy of the judgment may be served upon the party against whom the same is rendered, or upon the person or officer required thereby or by law to obey the same and obedience thereto may be enforced by the court." Nothing to the contrary appearing we may assume that a certified copy of the judgment was duly served and the most that can be said is that an affidavit by Mr. Murphy was mere surplusage. In short, the record discloses no irregularity regarding the payment of the fund.

As to the attorneys, the record does not show that any one of them received any part of the fund. Therefore no liability rested on them personally to return any part of it. (*Warren* v. *Order of Railway Conductors*, 199 Mo. App. 200 [201 S. W. 368, 375].) As to the defend-ant, it is important to bear in mind that the issuance of a writ of restitution rests in the sound discretion of the court (*Yndart* v. *Den*, 125 Cal. 85, 89 [57 Pac. 761] ; 2 Freeman on Judgments, sec. 1171). As early as September 28, 1925,

the trial court had given the plaintiff a judgment for those moneys. No stay was asked or granted. At any time after that date the plaintiff could have caused a writ of execution to issue. He did not do so apparently, but alleged in his affidavit that the defendant is insolvent. Under these circumstances we cannot say that the trial court committed an error in refusing to order a writ of restitution to issue.

We find no error in the record. The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.