[Civ. No. 15754. Second Dist., Div. Two. June 13, 1947.]

CARL ROSENBERG et al., Respondents, v. BEN RASKIN, Appellant.

David Sokol and John W. Rice for Appellant.

Paul Gordon for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover damages for breach of a contract which defendant had entered into with his fellow members of the Hebrew Master Bakers Association to keep his bakery closed until the members had entered into a new contract with the bakers' union, defendant appeals.

Defendant does not question the sufficiency of the evidence to sustain the following findings of the trial court:

1. That plaintiffs and defendant are members of the Hebrew Master Bakers Association, a voluntary association for the protection of various bakeries in the city of Los Angeles.

2. That at a meeting of such association held on the 30th day of April, 1945, defendant falsely and fraudulently and with intent to deceive and defraud plaintiffs, among others, and with intent to gain possession of plaintiffs' customers, represented to plaintiffs that he would, in conjunction with all of the members of the aforementioned association, keep his place of business closed until a new contract was made with the bakers' union.

3. That plaintiffs believed and relied upon the representations made by defendant, and in consideration of the promise of defendant not to keep his bakery open were induced thereby not to open their place of business on the following day, and that they adhered strictly to the agreement entered into between defendant and plaintiffs with other members of the association and kept their place of business closed until a

new contract was entered into with the bakers' union some weeks later.

4. That defendant immediately after inducing plaintiffs and others to agree to the terms above mentioned did open his place of business and caused such place of business to remain open during all the time that plaintiffs kept their bakery closed.

5. That among plaintiffs' customers were the Home for the Aged, Canter's Delicatessen and Bernie's Delicatessen, all of Los Angeles, and that as a result of defendant's operating his bakery between May 1st and May 12th, 1945, with the intent to deprive plaintiffs of the regular trade of such customers, plaintiffs suffered a loss in the sum of $1,700.

### Defendant's Contentions

First: *That findings numbers VI and IX are not sustained by the evidence.*

This proposition is immaterial. The trial court made among others the following findings:

### VI

''That the representations as to closing defendants' bakery were false, and were then and there known by the defendants to be false; that in truth and in fact the defendants had no intention of keeping their bakery closed until a new contract was signed by plaintiffs and defendants, with other bakeries of the association, but merely made such representations for the purpose of inducing the plaintiffs, among others, not to open their places of business, so that defendants, with intent to defraud plaintiffs, could and did gain possession of various customers of plaintiffs, defendants fully knowing and taking advantage of the fact that by reason of plaintiffs' keeping their bakery closed, in reliance upon the representations of the defendants, which defendants then and there knew to be false, plaintiffs could not serve their trade.

### IX

''That defendants, immediately after falsely and fraudulently inducing plaintiffs, with others, to agree to the terms mentioned hereinbefore, and with the knowledge on the part of the defendants that plaintiffs would not open their bakery business, and that plaintiffs would not be in a position to serve their customers, contacted various customers of the plaintiffs with the intent to take away from plaintiffs, and deprive them of, their regular trade.''

It is immaterial whether there was evidence to sustain the foregoing findings since by failing to question the sufficiency of the evidence to sustain the five findings of the trial court hereinbefore stated defendant conceded that there was substantial evidence in support of them; and such findings unquestionably sustain the trial judge's conclusion that plaintiffs and defendant entered into a contract which defendant breached to the damage of plaintiff in the sum of $1,700.

 Second: *The contract was against public policy and therefore void.*

This contention is devoid of merit. The authorities all agree that a contract is not void as against public policy unless it is injurious to the interests of the public as a whole or contravenes some established interest of society. (*Northwestern M. F. Assn.* v. *Pacific W. & S. Co.*, 187 Cal. 38, 44 [200 P. 934]; *Flinn & Treacy* v. *Mowry*, 131 Cal. 481, 488 [63 P. 794, 1066].) In *Northwestern M. F. Assn.* v. *Pacific W. & S. Co., supra,* at page 44, appears this very apt and pertinent statement: "It must not be forgotten that you are not to extend arbitrarily those rules which say that a given contract is void as being against public policy, because, if there is one thing more than another which public policy requires, it is that men of full age and competent understanding shall have the utmost liberty of contract, and that every contract, when entered into fairly and voluntarily, shall be held sacred and shall be enforced by the courts of justice. *Therefore, you have this paramount public policy to consider—that you are not lightly to interfere with this freedom of contract.*" (Italics added.)

In the present case there was nothing in the contract that was injurious to the interests of the public as a whole or that contravened any established interest of society. It is a matter of common knowledge that business men throughout the United States have since the beginning of our Republic at various times entered into agreements in local communities to close their stores on the Sabbath day, on holidays, on Saturday afternoons and on other appropriate occasions. Such agreements are perfectly legal and do not in any respect contravene public policy.

 Neither is there any merit in defendant's contention that the purpose of this agreement was to breach contracts which the various members of the association had with the bakers' union. Plaintiffs and defendant and other members

of the association each had a contract with the bakers' union commencing on the first day of May, 1943, and continuing until the 30th day of April, 1945, and thereafter until a new agreement had been consummated or the agreement canceled by the employer or the union. The trial court found, supported by substantial evidence, that in the afternoon of April 30, 1945, the members of the association had notified the union of the termination of their contracts with it as of that day. Therefore it is obvious that the agreement which defendant entered into with plaintiffs on the evening of April 30, 1945, was not for the purpose of breaching contracts which had previously been terminated.

The cases of *National Labor Relations Board* v. *Crown Can Co.*, 138 F.2d 263, and *National Labor Relations Board* v. *Franks Bros. Co.*, 137 F.2d 989, are clearly not in point on the present appeal for the reason that such cases, arising under the National Labor Relations Act, dealt with threats and intimidations by employers against their employees to keep them from unionizing. No such situation obtains in the present case.

 Third: *There is no substantial evidence of damage.* This proposition is untenable in view of the fact that defendant does not question the trial court's finding that plaintiffs had suffered a loss in the sum of $1,700. Hence it must be presumed that there was substantial evidence to support such finding.

 Fourth: *The complaint does not state a cause of action.*

This contention is predicated upon defendant's claim that the contract is void because against public policy. We have fully discussed this proposition under defendant's second contention and as above indicated find that such claim is without merit.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied June 27, 1947, and appellant's petition for a hearing by the Supreme Court was denied August 7, 1947. Schauer, J., voted for a hearing.